■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALLEN, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant, after trial, of robbery in the first degree, grand larceny in the second degree and assault in the second degree, and sentencing him to serve an indeterminate term of 10 to 20 years plus an additional indeterminate term of 5 to 10 years for being armed, making in all a total indeterminate term of 15 to 30 years, and from said sentence. Judgment modified on the facts by striking therefrom the provision imposing the additional term for being armed. As so modified, judgment affirmed. Appellant had never been previously convicted of a crime and was under 21 years of age when the crime was committed. In view of these facts and the other relevant facts and circumstances, it is our opinion that the sentence was excessive. It cannot be held that the court abused its discretion by not fixing a reformatory term pursuant to section 2185 of the Penal Law (People v. Doran, 2 A D 2d 890). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm without modification.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH BALSAMO, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant, after trial, of robbery in the second degree, and sentencing him to an indeterminate term of 15 to 30 years as a third felony offender, and from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH W. HAMM, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant, after trial, of forgery in the second degree (two counts), and sentencing him as a second felony offender to a minimum of 5 years and a maximum of 6 years on each count, the sentences to run concurrently. The notice of appeal states that appeal is also taken from the sentence, from each and every intermediate order, from each and every denial of motions and from all errors of law and adverse rulings therein made. Judgment unanimously affirmed. The indictment charged that the crimes were committed on or about January 7, 1955. Two days prior to the first day of the trial which began on December 12, 1955 the assistant district attorney notified appellant's

counsel that he contemplated amending the indictment so as to charge that the crimes were committed a week later. On December 12, 1955 the indictment was amended to charge that the crimes were committed on or about January 14, 1955. Appellant's counsel objected to the amendment and renewed his objection on the ground that he had been prepared to show by alibi witnesses that it was impossible for appellant to have committed the crimes on January 7, 1955, or on or about said date. He said that it was then impossible, nine months after appellant's arrest in March, 1955, to find witnesses who would remember that appellant had been in a bar and grill at the date and time now claimed by the prosecution. He stated the names of persons who allegedly were in the bar with appellant on January 14, 1955 and said that these persons could not then remember the occurrences of that date, after a lapse of nine months. When the motion to amend was first made and granted, the County Judge made it clear that, if appellant desired an adjournment or claimed surprise, an adjournment would be granted. Appellant, who had not obtained or requested a bill of particulars, did not request an adjournment. Appellant made no claim that the motion to amend was premature because no proof had yet been submitted which showed that there was a variance between the date charged in the indictment and the proof, or that the motion was otherwise premature and, represented by new counsel on the appeal, makes no claim that the motion was premature (see Code Crim. Pro., § 293; see, e.g., *People* v. *Lewis,* 132 App. Div. 256, 259; *People* v. *Scanlon,* 132 App. Div. 528, 530: *People* v. *Cruz,* 285 App. Div. 1076; cf. *People* v. *Ercole,* 284 App. Div. 974, affd. 308 N. Y. 425). When the objection to the amendment was renewed before any witness had testified, the assistant district attorney said that he could have waited until the actual testimony unfolded and then moved under section 293 of the Code of Criminal Procedure to conform the indictment to the proof but, instead, in the spirit of fairness, he had called appellant's counsel prior to the opening of the trial. Appellant's counsel said that he appreciated that and did not criticize it. Section 293 of the Code of Criminal Procedure provides that "Upon the trial of an indictment, when a variance between the allegation therein and the proof, in respect to time, or in the name or description of any place, person or thing, shall appear, the court may, in its judgment, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended, according to the proof, on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable." If the amendment prejudiced the defense on the merits, the amendment would be improper and would require reversal of the judgment. In our opinion, the defense on the merits was not prejudiced within the meaning of the Code of Criminal Procedure and reversal is not required, since the prosecution could have adduced its proof that the crimes were committed on January 14, 1955 without requesting that the indictment be amended, and a conviction could have been sustained without an amendment or the request for one (Code Crim. Pro., §§ 293, 280, 684, 542; *People* v. *La Marca,* 3 N Y 2d 452, 458–459; *People* v. *Formosa,* 131 N. Y. 478, 481–482; *People* v. *Wright,* 11 Utah 41; *People* v. *Kircher,* 333 Ill. 200; *Eason* v. *State,* 198 Ark. 885; see, e.g., *People* v. *Cruz, supra*; 42 C. J. S., Indictments and Informations, § 257). Appellant did not testify and his only witness was a handwriting expert who testified that appellant's handwriting was not on the forged check. The issues of fact were for determination by the jury, the trier of the facts (*Lee* v. *City Brewing Corp.,* 279 N. Y. 380, 384; *People* v. *Cohen,* 223 N. Y. 406, 423; Rogers on Expert Testimony [3d ed.], § 103). No separate appeal lies from the sentence, the intermediate orders, the denial of motions, the errors

of law or the rulings, which have been reviewed on the appeal from the judgment. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.