■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SANFORD M. KATZ on Behalf of STANLEY KING and Others, Appellants, v. COMMISSIONER OF THE DEPARTMENT OF CORRECTION OF THE CITY OF NEW YORK, Respondent.— Judgment, Supreme Court, New York County, entered April 18, 1972, denying relators' applications for a writ of habeas corpus, unanimously affirmed. It is suggested that these cases proceed to trial as expeditiously as possible. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ In the Matter of the Arbitration between JADAM ASSOCIATES, INC., Respondent, and FELOMER, INC., Appellant.— Judgment, Supreme Court, New York County, entered on April 7, 1972, granting application of petitioner-respondent Jadam Associates, Inc., to stay arbitration, unanimously reversed, on the law, and the application denied. Appellant shall recover of respondent $30 costs and disbursements of this appeal. The moving party, having participated in the arbitration, was no longer eligible to seek the stay (CPLR 7503, subd. [b]). Concur — Stevens, P. J., Markewich, Murphy and Capozzoli, JJ.

■ LAWRENCE I. WEISMAN, Appellant, v. SHEILA C. WEISMAN, Respondent.— Order, Supreme Court, New York County, entered March 17, 1972, which directed plaintiff to pay $850 per week for temporary alimony and for the support and maintenance of the infant children of the parties, and granted other relief, unanimously modified, on the law and the facts, by reducing the award of temporary alimony and support of the children to $600 per week, and as so modified affirmed, without costs and without disbursements. Under the circumstances of the case, the award of temporary alimony and for support of the children was excessive and should be reduced to the amount indicated. The remedy for any seeming inequity in the direction for the reduction of temporary alimony and children support on the grossly conflicting affidavits, as we have said on other occasions, is a speedy trial whereon the true facts as to the finances and standard of living of the parties can be ascertained and the defendant's right to alimony and support for the children can be finally determined. The parties, if they are so advised, should proceed to trial promptly. Appeal from order, Supreme Court, New York County, entered May 2, 1972, denying reargument, unanimously dismissed, without costs and without disbursements. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS CAVALLUZZO, Appellant, v. WARDEN, NEW YORK CITY CORRECTIONAL INSTITUTION FOR MEN, Respondent.— Judgment, Supreme Court, Bronx County, rendered May 1, 1972, unanimously reversed, on the law, and the matter remanded to Special Term, Bronx County, for a hearing on the writ of habeas corpus. Special Term dismissed the writ without passing on the merits, holding simply that "the proper remedy is by motion," the reference being to article 440 of the Criminal Procedure Law. It is not necessary to decide here whether relator-appellant should have proceeded under that article. On what is before us, we hold that the writ and its supporting papers, taken together with the oral amendment found in the record, sufficiently defined the issue before the court so as to require a hearing on the merits. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.