■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. TERRY CLAYBORN, Respondent.— Appeal from an order of the County Court of Tioga County, entered August 15, 1973, which granted defendant's motion to dismiss the indictment. Defendant was indicted for robbery and grand larceny arising out of the alleged theft of $105 from Joseph E. Rouss on Broad Street, Waverly, New York at about 8:15 P.M. on or about February 21, 1973 and for attempted robbery arising out of the alleged attempted theft of property from Stephen Downs on Elizabeth Street, Waverly, New York at about 8:00 P.M. on or about February 21, 1973. On May 4, 1973, defendant moved for an order to inspect the Grand Jury minutes and for a bill of particulars. The motion was heard on May 7, 1973, and the court's decision, dated May 16, 1973, denied the request to inspect the Grand Jury minutes but granted the request for a bill of particulars as to the date, the approximate time and the particular place where the alleged crimes occurred. The District Attorney served a bill of particulars dated May 14, 1973 on defendant stating that the crimes set forth in counts one and two of the indictment took place on the south side of Elizabeth Street near the Waverly Free Library in Waverly at about 8:15 P.M. on the date set forth in the indictment, and that the crime set forth in count three of the indictment took place on the north side of Broad Street near the intersection of Broad Street with Johnson Street and near the Ben Carmon Antique Shop. In the bill of particulars, the District Attorney confused the times and places of the alleged crimes so that it was inconsistent with the indictment. On August 13, 1973, one day before the trial date, the District Attorney delivered to defendant's attorney an amended bill of particulars which corrected the mistake in times and places of the crimes. Defendant contacted the court which

---

ordered a hearing on the matter that day. After a lengthy colloquy by the respective attorneys and the Trial Judge, the District Attorney's motion to amend the bill of particulars was denied and the indictment dismissed. We agree with the People's contention that they should have been permitted to file an amended bill of particulars and that the indictment should not have been dismissed. While the bill of particulars supplied by the District Attorney obviously reversed the times and places of the crimes, the indictment properly and specifically set forth the times and places of the crimes. Thus we see no showing of prejudice to the defendant. An indictment may be amended "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on merits" (CPL 200.70, subd. 1). A bill of particulars may also be so amended (*People* v. *Trimm*, 29 A D 2d 83). In our view, the discrepancy between the bill of particulars and the indictment was merely a harmless typographical error. The proper remedy was to stay the proceedings to give the defendant ample opportunity to prepare for trial, but not to dismiss the indictment (CPL 200.90; *People* v. *Zvonik*, 40 A D 2d 840). Order reversed, on the law, and indictment reinstated. Staley, Jr., J. P., Greenblott, Cooke, Kane and Main, JJ., concur.