■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD COVINGTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 11, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed and this case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. On September 20, 1979 defendant was indicted for robbery in the first degree, which was alleged to have occurred "on or about August 9, 1979". Thereafter, the People served a bill of particulars in which it was stated that the offense "occurred on August 9, 1979, at approximately 4:20 A.M.". Defendant served a notice of alibi pursuant to CPL 250.20. Trial commenced on January 30, 1980, at which time a jury was impaneled and sworn. On the following day, the People orally moved to amend the indictment to read that the offense occurred in the early morning hours of August 10, 1979, rather than August 9. The motion was granted over defendant's opposition on the ground of prejudice. CPL 200.70 (subd 1) reads in relevant part: "At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits." In this case, as distinguished from *People v Hamm* (5 AD2d 696), the People served a bill of particulars which specifically gave the date of the offense as that which was later amended, i.e., August 9, 1979. Defendant, therefore, had every right to rely on the date, as given, and to prepare his case, including his alibi defense, accordingly. It is apparent that such reliance caused defendant to concentrate on an irrelevant alibi, while foregoing the preparation of such a defense as to the amended date. Under the facts of this case, we find this prejudicial, and note that such prejudice was compounded by the timing of the amendment application, and the lack of notice thereof. (Cf. *People v Hamm, supra*.) Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.