# SECOND DEPARTMENT, APRIL, 1982

## (April 5, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MERIWETHER, JR., Appellant. — Motion by defendant to reverse his judgment of conviction of the County Court, Orange County (Isseks, J.), rendered November 15, 1977, and for a new trial, based upon this court's decision in *People v Harris* (85 AD2d 742, mot for lv to app granted by this court on Jan. 27, 1982). Motion granted. Judgment reversed, on the law, and new trial ordered. In accordance with this court's decision in *People v Harris* (*supra*), codefendant Meriwether is entitled to a new trial as the record reveals the court failed to properly inform him of the risks of self-representation. (*People v McIntyre,* 36 NY2d 10.) Mollen, P. J., Titone and Bracken, JJ., concur.

Weinstein, J., concurs, with the following memorandum: I concur in the decision of the court solely on constraint of *People v Harris* (85 AD2d 742). I note, however, that the considerations set forth in my dissent in that case are fully applicable here as well. In my view, the court's decision to permit defendant to proceed as his own attorney was unobjectionable. There is no dispute that two of the three prerequisites set forth in *People v McIntyre* (36 NY2d 10, 17) for permitting a defendant to handle his own defense were satisfied. His request was unequivocal and timely, and there was no indication that defendant had engaged in conduct which would prevent the fair and orderly exposition of the issues. The third requirement is that the waiver of the right to counsel be knowing and intelligent. As the majority recognized in *Harris,* cases decided subsequent to *McIntyre* have held that a waiver of the

right to counsel cannot be considered knowing and intelligent unless the defendant was aware of the dangers inherent in *pro se* representation. But it is not necessary that the court explicitly verbalize these dangers. This defendant, like Harris, is no stranger to the criminal justice system. He is an experienced defendant in criminal proceedings, with a lengthy criminal record stretching back to the early 1960's. It can safely be presumed that he was well aware of the ramifications of his decision to represent himself, without having been told of them. Perhaps he chose this course simply because professional representation had so often failed him in the past, and he was all too well acquainted with the results of unsuccessful assistance of counsel. At any rate, a defendant's familiarity with the criminal justice system has been held to be a factor to be considered when determining whether to grant a defendant's request to represent himself (see *People v Davis,* 49 NY2d 114, 119; *People v McIntyre, supra,* p 17). Having chosen to proceed as his own attorney and then having been convicted, defendant should not now be offered a second chance merely because the court did not explicitly state what defendant surely already knew. A defendant who is intimately familiar with the criminal justice system should not be allowed to escape the consequences of a conviction by asserting that he did not know the ramifications of his decision to represent himself. Accordingly, were it not for the fact that *People v Harris* (*supra*) is controlling, I would vote to affirm the judgment.