■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN TRUDO, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 29, 1980, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree and grand larceny in the second degree. At about 10:30 P.M. on June 3, 1978, defendant, armed with a gun and unmasked (as was his companion), broke into and entered the Marra residence in Cohoes, New York. The two men forcibly tied Dr. Marra, his wife and son, and stole a quantity of jewelry and approximately $40,000 in cash. When the two left the premises after about 35 minutes, the police were called and Dr. Marra gave defendant's description to a local newspaper artist from which a composite sketch was drawn. When the

sketch appeared in a local newspaper, an informant, who was then under arrest on an unrelated weapons charge, told the police that he thought he recognized the man depicted, and that on the night of the robbery the informant saw defendant and an Alexander Marathon enter an apartment owned by a William Dubray. Based on this and other information, a felony complaint was filed in the Cohoes Police Court on September 14, 1978. On September 22, 1978, defendant was indicted for the crimes of robbery in the first degree, burglary in the first degree and grand larceny in the second degree. At this time defendant was incarcerated in the Worcester County Jail, West Boylston, Massachusetts, and he remained there until he was returned to Albany County for his arraignment on November 20, 1979. From that date until his trial commenced on April 8, 1980, defendant was confined in the Albany County Jail. On this appeal, defendant urges reversal of the order which denied his pretrial motion for dismissal for deprivation of his statutory and constitutional right to a speedy trial. Conceding that the six-month period provided in CPL 30.30 (subd 1, par [a]), within which the People must be ready for trial, commences with the filing of a felony complaint (*People v Osgood,* 52 NY2d 37, 43), that statute nevertheless excludes certain time periods from the computation, such as "a reasonable period of delay resulting from other proceedings concerning the defendant" (CPL 30.30, subd 4, par [a]), and a period when the defendant's "location is known but his presence for trial cannot be obtained by due diligence" (CPL 30.30, subd 4, par [c]), and delays "resulting from detention of the defendant in another jurisdiction provided the District Attorney is aware of such detention" (CPL 30.30, subd 4, par [e]). At the hearing held in regard to this issue, the District Attorney's office offered testimony that shortly after the filing of the felony complaint they requested defendant's return to answer the indictment. However, the Massachusetts authorities refused until after the charges then pending there against defendant were concluded. The District Attorney began formal extradition proceedings for defendant's return on March 13, 1979 and defendant opposed extradition. Since there was no inaction on the Albany County District Attorney's part which delayed defendant's trial, the period of incarceration in Massachusetts should be excluded from the six-month statutory period (*People v Dean,* 45 NY2d 651). From the date of defendant's arraignment on November 20, 1979 until the commencement of his trial on April 8, 1980, the period from January 17, 1980 until March 19, 1980 must also be excluded, as defendant's dismissal motion was then pending before the court. The total delay attributable to the People is, therefore, just over two months and does not constitute a denial of defendant's statutory or constitutional right to a speedy trial. The second point of defendant's appeal concerns his right to call as a witness a jointly indicted defendant, William Dubray, who had previously pleaded guilty. Prior to testifying, this codefendant indicated that if called he would claim his Fifth Amendment privilege against self incrimination for the reason that his appeal was then pending. Following a hearing conducted outside the presence of the jury, the trial court ruled that defendant could not call Dubray and that the trial would not be adjourned pending Dubray's appeal. In so holding, the court acted within the bounds of its permissible discretion (*People v Thomas,* 51 NY2d 466, 472-473). Defendant's next contended error is that despite the granting of his motion for all *Brady* material, the People failed to provide him with the tape of a telephone conversation between Shirley Dubray and Alexander Marathon who testified on behalf of the defense. Marathon, who had previously pleaded guilty to one count of the indictment, denied on the witness stand that defendant had participated in the commission of the crimes. On the tape, however, Marathon told Shirley Dubray about defendant's participation. Thus, the tape was appropriately used for the impeach-

ment of Marathon with proper limiting instructions by the court and, because it was inculpatory, it was not required to have been furnished to defendant under *Brady*. As to the People's failure to give defendant the composite sketch, the sketch was drawn by a newspaper artist and was not under the control of the District Attorney, or the police. We have considered defendant's other contentions and find them to be without merit. Defendant's guilt was overwhelmingly supported by the evidence and his sentence of 25 years to life on each of the three counts to run concurrently was neither harsh nor excessive in view of defendant's prior lengthy criminal record. The judgment of conviction should, therefore, be affirmed. Judgment affirmed. Sweeney, J.P., Kane, Casey, Weiss and Levine, JJ., concur.