■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS PAGE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered September 27, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. On December 3, 1976 defendant was arraigned under an indictment charging him with robbery in the first degree, grand larceny in the third degree and petit larceny, all of which allegedly occurred "on or about October 7, 1976." Thereafter, a bill of particulars was served by the People in which it was indicated that the offense occurred on October 7, 1976. Defendant served a notice of alibi pursuant to CPL 250.20. The various police reports furnished to the defendant, with the exception of the arrest report, all indicated, however, that the date of the incident was October 8, 1976. On the day before the case was scheduled to be tried, a *Wade* hearing was held during which testimony was elicited from the complainant to the effect that the robbery took place on October 8, 1976 and not on October 7, 1976 as charged in the indictment. Based on this testimony, the People moved at the close of the hearing to amend the indictment pursuant to CPL 200.70 (subd 1) to change the date of the incident to October 8, 1976. The motion was granted over defendant's objection that such amendment on the eve of trial was prejudicial to his defense. Significantly, however, the trial did not begin the next day as scheduled, but rather was adjourned for one month. This court recently held that the amendment of an indictment, on the eve of trial, with respect to the date of the alleged criminal act may be prejudicial when a bill of particulars has been served and an alibi defense has been interposed (*People v Covington*, 86 AD2d 877). The *Covington* case is, however, distinguishable from the instant case on two grounds. First, unlike in *Covington*, the defendant in the present case was on notice that there might be an error in the bill of particulars as to the date of the incident. Substantially in advance of the *Wade*

hearing defendant had been furnished with various police reports which indicated the date of the incident as October 8, 1976. Second, the timing of the application to amend the indictment is different. In *Covington,* the amendment was made during trial, after the jury was sworn. Initially, the trial court offered to allow a recess if, as the trial progressed, some prejudice was shown. After the People rested, the court offered the defendant a one-week adjournment. In the present case, the amendment was made prior to the commencement of the trial. In fact, defendant had more than a month following the amendment to prepare his defense. Under the facts here present, the amendment of the indictment was not prejudicial to defendant's case (see *People v Hamm,* 5 AD2d 696, affd 5 NY2d 803). We have reviewed defendant's remaining contentions and find them to be without merit. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.