■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH ALAN KAPLAN, on Behalf of ARMANDO FUENTES, Appellant, v COMMISSIONER OF CORRECTION OF THE CITY OF NEW YORK et al., Respondents. — Judgment, Supreme Court, Bronx County (Mazur, J.), entered October 20, 1981, sustaining an application for writ of habeas corpus to the extent of directing a CPL article 440 hearing in Kings County, the county of conviction, on allegations of jurisdictional defects, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed. Fuentes was convicted on plea of guilty to manslaughter in the first degree in Supreme Court, Kings County, in 1978, and was sentenced to 8⅓ to 25 years' imprisonment. This conviction was unanimously affirmed on appeal (72 AD2d 978), and leave to appeal to the Court of Appeals was denied (48 NY2d 1030). After an application for writ of habeas corpus was dismissed in Federal court for failure to exhaust State remedies, Fuentes made an abortive motion in Kings County to vacate judgment under CPL 440.10. The instant proceeding was then brought in Bronx County where Fuentes is currently incarcerated. The claims raised are that (1) Fuentes' plea was

invalid because manslaughter in the first degree is not a lesser offense included in the crime of "depraved indifference" murder (Penal Law, § 125.25, subd 2), to which he had directed his plea; (2) the plea allocution did not establish the necessary element of intent to cause serious physical injury so as to make out manslaughter in the first degree; (3) the plea allocution established the defense of justification in that Fuentes had fired over the victim's head to ward off his attack; and (4) he was not effectively represented by counsel at the plea. Fuentes further argues that the availability of a postjudgment remedy under CPL 440.10 or by appeal should not foreclose his current habeas corpus application. On appeal Fuentes contends that no hearing is warranted or required, that Criminal Term should have proceeded to judgment on the writ and either discharged him from custody or dismissed his petition. As he argued at Criminal Term, he contends on appeal that these are the only alternatives available. We disagree. Whatever the merits of Fuentes' claims, it is clear from the face of the record that at best for Fuentes, a determination would require a hearing, as Criminal Term found. Since Fuentes plainly does not desire a hearing, we need not consider whether the preferable procedure for hearing such claims as his is by postjudgment motion under CPL article 440 in the court that originally passed judgment of conviction and imposed sentence (*People ex rel. Frazier v Coombe,* 87 AD2d 804; *People ex rel. Russell v Le Fevre,* 59 AD2d 588, mot for lv to app den 42 NY2d 811) or by application for a writ of habeas corpus in the county of incarceration (cf. *People ex rel. Cavalluzzo v Warden, N. Y. City Correctional Inst. for Men,* 39 AD2d 897; *People ex rel. Anderson v Warden of N. Y. City Correctional Inst. for Men,* 68 Misc 2d 463; *People v Jackson,* 76 Misc 2d 816). Since discharge is not warranted on the face of the record, we are dismissing the petition without prejudice to an application in Kings County, the county of conviction, pursuant to CPL 440.10. We note that Fuentes has had the benefit of a full appeal, and has also withdrawn his application to withdraw his plea and his postjudgment application in Kings County pursuant to CPL 440.10 before either could be acted upon. The merits cannot be reached without a hearing, which Fuentes does not desire. Moreover, it is plain that he cannot be discharged as he requests even if he is successful on a hearing which at best would afford him an opportunity to withdraw his plea and a trial. In no event is he entitled to a discharge. Accordingly, it is appropriate that the petition be dismissed. Concur — Sandler, J. P., Sullivan, Ross, Fein and Kassal, JJ.