■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO DERRICK, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 30, 1979, convicting him of rape in the first degree, sodomy in the first degree (two counts) and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and have been determined to be established. The trial court committed various errors which require that defendant's convictions be reversed and a new trial ordered. Thus, the trial court erred in refusing to instruct the jury that it could consider the complainants' delay in reporting these crimes since prompt outcry (or lack thereof) on the part of a complainant may be relevant in determining the complainant's credibility (cf. *Baccio v People,* 41 NY 265; *People v Hughes,* 41 AD2d 333, app dsmd 36 NY2d 981; *People v Estell,* 106 App Div 516). In addition, the trial court erred when it admitted the testimony of Brenda Crawford as to the conversation which she had had with one of the complainants, in which the complainant described the manner in which she had been orally sodomized by the defendant. Generally, a witness may testify that the victim of a sexual attack has lodged a complaint. However, the person to whom the complaint is made may only testify as to the fact of the complaint, without going into the details (see *Baccio v People, supra;* Richardson, Evidence [10th ed, Prince], § 292). Moreover, it appears on this record that the act described was not among the incidents charged in the indictment. Finally, the defendant is entitled to a new trial on the further ground that the trial court failed to make a sufficient inquiry into his understanding of the ramifications of his decision to represent himself at trial (see *People v McIntyre,* 36 NY2d 10; *People v Harris,* 85 AD2d 742, affd 58 NY2d 704; *People v Meriwether,* 87 AD2d 804, app dsmd 57 NY2d 777). Assuming, *arguendo,* that the court had also erred in permitting the prosecution to amend the indictment prior to the onset of trial (see *People v Covington,* 86 AD2d 877; cf. *People v Page,* 89 AD2d 878), and in refusing to grant the defendant's request to charge, after the matter had already been submitted to the jury, that no unfavorable inference might be drawn from his failure to testify (cf. *People v Elliott,* 10 AD2d 735), the fact remains that any potential prejudice arising therefrom has already been cured by our direction of a new trial. We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Thompson and Gulotta, JJ., concur.