■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP D. FULLWOOD, Appellant. — Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered August 29, 1983, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

The proof in this case demonstrated that defendant was seen by an eyewitness entering the premises of Vans Royale, an auto customizing shop in the City of Elmira where he was a part-time employee, at about 6:00 P.M. on June 22, 1982. The owner subsequently discovered items of merchandise missing which other witnesses testified defendant sold to them. Defendant was charged in a two-count indictment with third degree burglary and third degree grand larceny based on events ostensibly committed on July 5, 1982; the prosecution's bill of particulars mentioned the same date. After defendant served a notice of alibi for July 5, 1982 together with supporting papers, the prosecution, pursuant to CPL 200.70, moved by notice of motion filed May 9, 1983 to amend the indictment by changing the date of the crimes to June 22, 1982 instead of July 5, 1982. The trial court granted the motion on June 14, 1983, following oral argument, one week before the trial which resulted in a conviction.

Defendant first contends that the trial court erred in granting the amendment of the indictment to change the date of the alleged crimes, urging that he was prejudiced by his reliance on an alibi defense premised on the initial July 5, 1982 date set

forth in both the indictment and the bill of particulars. We disagree. So long as made prior to trial and in time to enable defendant to prepare his defense, the order permitting amendment is not so prejudicial as to require reversal (CPL 200.70, subd 1; *People v Page,* 89 AD2d 878). This is buttressed by the fact that the amendment conformed the indictment to the proof before the Grand Jury and further by defendant's concession, made at a conference with the court during trial, that the People had the right to amend.

Nor was defendant denied a fair trial by rulings made by the court during trial. Limitation of defendant's cross-examination of prosecution witness Lance Thomas concerning his poor record-keeping practices was not an abuse of discretion by the court (see *People v Fiore,* 12 NY2d 188, 201; *People v Spano,* 57 AD2d 715). Further, cross-examination would not have disclosed whether defendant obtained the merchandise as compensation instead of by theft. Defendant further alleges that the trial court erred in refusing to permit reference to the indictment amendment during counsel's summation. Since counsel was permitted to discuss the evidence concerning whether defendant committed the crime and on which date it was allegedly committed, no prejudice ensued (see *People v Ashwal,* 39 NY2d 105). The amendment to the indictment did not constitute evidence, and thus it was not error to preclude reference thereto (*People v Farruggia,* 77 AD2d 447).

Nor was it error to refuse defendant's request to charge the jury on the evidentiary presumption attendant the withholding of certain evidence, i.e., sales receipts from Vans Royale located in Florida (see 1 Wharton, Criminal Evidence [13th ed], § 145). The circumstances of the case do not indicate whether the Florida records were deliberately withheld or in any respect relevant. Nor did defendant apply for a subpoena duces tecum (CPL 610.20) directing the production of these records. In any event, the overwhelming proof of defendant's guilt confirms that there is little likelihood that the jury verdict would have been different had the requested instruction been given, thereby rendering the error, if any, harmless (*People v Crimmins,* 36 NY2d 230, 241-242).

Finally, there has been no showing that the trial court abused its discretion in the imposition of a sentence within the statutory limits, absent which the sentence should not be disturbed (*People v Donnelly,* 103 AD2d 941, 943; *People v Robinson,* 65 AD2d 896).

Judgment affirmed. Kane, J. P., Main, Casey and Weiss, JJ., concur.