■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. JOHNSON, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered June 5, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the third degree and unauthorized use of a motor vehicle.

Defendant's contention that he was denied a speedy trial as mandated by CPL 30.30 is completely devoid of merit. The People initiated formal extradition proceedings seven days after being apprised that defendant had been located and arrested in Philadelphia, Pennsylvania, and that he had refused to waive extradition. The process of extradition, coupled with the Pennsylvania Parole Board's determination to detain defendant to enable it to process an outstanding parole violation case against defendant, delayed the date of extradition to January 4, 1984. Significantly, there was no inaction on the part of the People. Accordingly, the period of defendant's confinement in Pennsylvania was properly excluded from the six-month statutory period *(see, People v Trudo,* 88 AD2d 1091, 1092). And, given that the People were ready for trial the following month and trial was actually held five months later, after County Court had entertained and decided defendant's various motions, defendant was afforded a speedy trial.

Nor is a reversal required because of the Trial Judge's unwillingness to disqualify himself. Before trial, defendant formally moved for such relief on the ground that he had instituted a civil action against the Judge on March 8, 1984; the nature of that suit does not appear in the record. As observed in *People v Ullman* (184 App Div 93, 95), a defendant

in a criminal prosecution cannot be permitted to prevent his trial by the stratagem of merely accusing the Trial Judge of prejudice or by the simple expedient of bringing a damage action against him; more must be shown.

Defendant also challenges County Court's ruling granting the People's motion to amend the third count of the indictment. By that count, defendant was accused of unauthorized use of a motor vehicle at about 2:00 A.M. on May 6, 1983. The testimony at trial established that the crime occurred on May 5, 1983. At the conclusion of the court's charge to the jury but prior to jury deliberation, the People moved to amend the indictment to allege that the crime occurred on May 5, 1983. CPL 200.70 (1) allows for such a motion at any time during trial when doing so does not tend to prejudice the defendant on the merits. Here, neither at trial nor on appeal does defendant claim any prejudice as a result of the amendment. Clearly then the amendment was properly allowed *(see, People v Hamm,* 5 AD2d 696, *affd* 5 NY2d 803).

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.