Main, J.
Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered August 16, 1984, upon a verdict convicting defendant of the crimes of robbery in the second degree and assault in the second degree.
After a jury trial, defendant was found guilty of robbery in the second degree and assault in the second degree and was sentenced as a second felony offender to prison terms of 5 Vi to 11 years and 2 Vi to 5 years, respectively. Those terms of imprisonment were to run concurrently with each other and consecutively with a prison term that defendant was then serving.
On appeal, defendant’s initial argument is that the proof adduced by the People at trial was insufficient to support the convictions. We disagree. Viewing the evidence in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), we find ample basis in the record to support the jury’s verdict. With respect to both the charge of robbery in the second degree and that of assault in the second degree, the testimony of the victim of these crimes supplies a basis regarding all aspects of the crimes except the assailant’s identity. The trial testimony concerning defendant’s identity as a perpetrator of the crimes came from several witnesses called by the People, including two witnesses who saw defendant fleeing from the scene and another witness to whom defendant had confessed his involvement in the incident. As previously mentioned, this evidence provides ample basis to support the jury’s finding of guilt.
We likewise find unavailing defendant’s argument that he was entitled to a jury charge on the crime of assault in the *916 third degree as a lesser included offense of assault in the second degree. Defendant was charged with felony assault (Penal Law § 120.05 [6]), which is assault in the second degree. No particular culpable mental state is required of a defendant who is charged with felony assault, a strict liability offense. In contrast, under each subdivision of Penal Law § 120.00, which defines assault in the third degree, some particular mental state is required. Therefore, defendant was not entitled to a jury instruction regarding assault in the third degree as a lesser included offense (see, People v Miguel, 53 NY2d 920, 923).
As for defendant’s contention that the sentence imposed upon him was harsh and excessive, we note only that he has made no showing that the sentencing court abused its discretion. Accordingly, we do not now interfere with the sentence imposed (see, People v Fullwood, 107 AD2d 975, 976). We have examined defendant’s remaining arguments and find all of them to be similarly lacking in merit.
Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, JJ., concur.