■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered December 7, 1982, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, the defendant contends, inter alia, that the trial court improperly allowed the People to amend the indictment to read that the crime occurred on June 16, 1981, rather than June 6, 1981. The applicable statute, CPL 200.70 (1), provides, in pertinent part: "At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits * * * Upon permitting such an amendment, the court must, upon application of the defendant, order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense".

The trial court granted the motion to amend the indictment

and gave the defendant a three-day adjournment to reinvestigate the case in order to attempt to obtain alibi witnesses.

While in the instant case, as in *People v Covington* (86 AD2d 877), the indictment and the bill of particulars contained an erroneous date of the offense, to wit, June 6, 1981 instead of June 16, 1981, the defendant has failed to show any prejudice brought about by the amendment of the indictment. The first mention of any potential alibi defense was made on the day the case was moved for trial. The alleged named alibi witness was the same for both dates, and no alibi witnesses for either date were produced or testified at the trial. Furthermore, when the trial court asked the defense counsel if he needed more time, counsel declined to request an additional adjournment and flatly stated that, "the People should not be allowed to amend the indictment". The inference to be drawn from the above colloquy, coupled with the absence of any further representations from the defense counsel concerning any alibi witness, is that no valid alibi defense ever existed for either June 6, 1981 or June 16, 1981.

In the absence of any demonstrable prejudice to the defendant, the trial court properly allowed the amendment of the indictment to reflect June 16, 1981 as the date of the crime *(see, People v Hamm,* 5 AD2d 696, *affd* 5 NY2d 803; *People v Fullwood,* 107 AD2d 975; *People v Page,* 89 AD2d 878). We have considered the other contentions raised by the defendant and find them to be without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.