*697 OPINION OF THE COURT
William D. Friedmann, J.
A prosecution motion to amend one count of a three-count indictment was made after the case had been moved for trial. Specifically, it was orally made during the first round of jury selection, but before a single juror had been sworn. The motion put in prospective the procedure of amending an indictment before or during trial pursuant to CPL 200.70.
The indictment, charging criminal sale of a controlled substance in the second degree (class A-II felony) and two counts of criminal sale of a controlled substance in the third degree (class B felonies), had been pending for six months when the prosecutor, during trial witness preparation, discovered an error as to the date of the crime commission in count one. He then sought, by amendment, to correct that date which would have changed the occurrence of an undercover sale of cocaine from August 1, 1985 to August 2, 1985. All prior paperwork, i.e., the indictment, Grand Jury minutes, voluntary disclosure form, and the criminal court complaint recited the erroneous date.
THE CONTENTIONS
In support of the proposed amendment, it was urged that the change of date of crime commission was within the relief contemplated by CPL 200.70 (1). That it did not substantially "change the theory of the prosecution”, even though the date of the undercover sale had been incorrectly given to the Grand Jury and thereafter incorporated in material given to defense counsel, and that defendant was not prejudiced "on the merits” because the indictment read: "on or about August 1, 1985”.
In opposition, it was urged that the change of a date when it concerns an undercover sale where the time of occurrence is material and is not followed by an immediate arrest, adversely affects the theory of the prosecution. That the late discovery of such a perpetuated error would certainly prejudice the defendant on the merits and that the prejudice would not be overcome by an adjournment or a stay of proceeding as is within the contemplation of CPL 200.70 (1) to "accord the defendant adequate opportunity to prepare his defense.”
AN INDICTMENT
An indictment is the basic accusatory instrument, the sole method of initiating the prosecution of a criminal case in a *698 superior court such as this court (CPL 200.10). It serves a number of important functions, (1) to inform the defendant of the crime with which he or she is charged (People v Williams, 243 NY 162 [1926]; People v Brian R., 78 Misc 2d 616, affd 47 AD2d 599), and (2) to distinguish the charge against the defendant sufficiently so that no subsequent charge can be made for the same offense (double jeopardy, CPL art 40).
APPLYING CPL 200.70 (1)
Three inquiries are suggested in applying CPL 220.70 (1) here, (1) would the date error correction change the theory of the prosecution, (2) would the date error correction tend to prejudice the defendant on the merits, and (3) would any projected prejudice be negated by an adjournment or stay of proceedings, to accord defendant an adequate opportunity to prepare his defense?
As to inquiry (1), this court conceives of situations where the date of crime commission could be termed "technical”, "formal” or "harmless” such as where a "typographical error” when read in the context of the totality of events, makes the error noticeable and thus meaningless (People v Clayborn, 44 AD2d 620 [3d Dept 1974]; People v Amodio, 115 Misc 2d 569 [1982]; People v Murray, 92 AD2d 617 [1983]), when an error is followed by an arrest or other timing indicia such as in Grand Jury minutes, that would trigger reasonable notice of the correct chronological order of events (People v Fullwood, 107 AD2d 975 [3d Dept 1985]). However, there are situations where a crime commission date error cannot be termed "harmless”. Where the error is not proceeded or followed by contradictory dates or events which should reasonably draw attention to the erroneous date or event (People v Hamm, 5 AD2d 696, distinguished by People v Covington, 86 AD2d 877 [2d Dept 1982]).
Even though the date of crime commission is certainly more significant with respect to some criminal charges than others, such as here, where we are considering undercover narcotic sales which took place on specific dates, such an error, even though material and serious cannot, however, be considered to change the theory of the prosecution. Such a date change relates to a matter of form which does not change the theory of the prosecution as it relates to a relevant section of the Penal and/or Criminal Procedure Laws. In order for there to be a valid amendment of an accusatory instrument, there *699 must be strict compliance with statutory prescriptions. If there be a resulting change of the statutory theory of prosecution, as it relates to a specific statute, such change requires, without question, Grand Jury action (see, People v Harper, 37 NY2d 96, followed by the Appellate Division in People v Lee, 100 AD2d 357 [1st Dept 1984]).
As to inquiry (2), alleged prejudice to defendant on the merits, it would appear that an error in a date of crime commission, perpetuated through the proceedings and discovered only during jury selection, would tend to seriously prejudice the defendant on the merits (cf. People v Page, 89 AD2d 878 [2d Dept 1982]).
Such an error, when discovered late in the course of a proceeding, and being totally inconsistent with all other prior proceedings, fails to adequately provide the defendant with any reasonable notice that an error may exist. An error, brought to light after such delay, can, and usually does, have an adverse impact upon a defendant’s defense, alibi or otherwise.
As to inquiry (3), concerning the adequacy of the protective provision granted by CPL 200.70 (1), in the event of an amendment "[u]pon permitting such an amendment, the court must, upon application of the defendant, order any adjournment of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense”, this court finds such protective measure inadequate when the error’s discovery is made without any prior basis for notice and/or when it is discovered in the context of trial and/or where it is not of a "harmless” nature.
CONCLUSION
Regretfully, and in the interests of justice, this court determined that the better practice in resolving this issue was (1) the proposed amendment was denied, (2) a mistrial was ordered (CPL 280.10, 280.20) and the case was adjourned for 30 days to enable the District Attorney to seek a Grand Jury re-presentment of the erroneous count and/or the entire indictment or face dismissal of count one on the adjourned date (CPL 190.75).
Such procedure, under the circumstances, will afford the defendant adequate opportunity to make appropriate motions *700 and prepare his defense in the light of the proposed time change.
It is interesting to note that a complete re-presentment was subsequently made pursuant to CPL article 190, and pretrial discovery is now in progress.