■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DARLAN ROGERS, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Finnegan, J.), entered May 26, 1987, which granted the defendant's motion to dismiss an indictment charging him with sexual abuse in the first degree and endangering the welfare of a child.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The record reveals that the defendant was charged in an indictment with the commission of the instant crimes "on or about March 16, 1985". He was subsequently provided with a "Voluntary Disclosure Form" which set forth the date of the

offenses as March 16, 1985, but which was silent as to the time of their commission. The form further alleged that the offenses took place at the defendant's residence at a point when the defendant and the seven-year-old complainant were alone together. Appended to the voluntary disclosure form was an "On Line Booking System Arrest" worksheet prepared by the arresting police officer shortly after the defendant's arrest. This report indicated that the offenses occurred on March 16, 1985, at approximately "1430 hours" (i.e., 2:30 P.M.) at the defendant's residence.

The defendant subsequently moved for omnibus relief, seeking, *inter alia,* discovery of the time and place of the offenses. The prosecution thereafter served a bill of particulars, responding to the "time and place" request with a statement that the desired information had already been supplied in the voluntary disclosure form. After a lengthy interval, the defendant served a notice of alibi on the prosecution, indicating that three of his co-workers would testify that he was at his place of work on March 16, 1985. The notice failed to set forth the hours during which he was at his job on the date in question. The prosecution then repeatedly sought production of the defendant's personnel and employee records, but these attempts proved futile and a judicial subpoena ordering their production had to be obtained.

The parties appeared in court on November 5, 1986, to commence jury selection. On that date, the Assistant District Attorney turned over copies of several police reports to the defense counsel, stated that his recent interviews with the complainant had revealed that the offenses occurred in "the early morning hours" of March 16, 1985, and also stated that he had still not received the defendant's time card for the date of the crimes. The defense counsel thereupon produced a copy of the time card, which indicated that the defendant had been at work between 9:46 A.M. and 5:38 P.M. on the day in question. The defense counsel also remarked that he assumed the police report references to the commission of the offenses at 2:30 P.M. were accurate. After a hiatus of approximately two weeks, jury selection commenced. A panel of 12 jurors and 2 alternates was sworn and trial commenced on November 21, 1986. Prior to opening statements, the defense counsel moved to dismiss the indictment on the ground that the complainant's Grand Jury testimony, the minutes of which he had received that morning, indicated that the crimes had been committed during the morning of March 16, 1985. Counsel asserted that the prosecution had withheld this information

from him and had misled him as to the time of the offenses by turning over police reports which listed the time of the crimes as 2:30 P.M. He further contended that he had prepared an alibi defense for the defendant with regard to the 2:30 P.M. time frame. The trial prosecutor responded by stating that he had only recently discovered the time discrepancy himself, that he had never ascertained the precise time of the offenses, that he had made the defense counsel aware of the time discrepancy on November 5, 1986, and that he would consent to the granting of a reasonable adjournment so that a defense could be developed.

The trial court dismissed the indictment, finding that the District Attorney's office had handled the case poorly thereby preventing the defendant from learning at the earliest point possible that the offenses were committed during the morning hours of March 16, 1985. While we agree that the matter could have been pursued more diligently by the People, we find the remedy of dismissal to be unwarranted. Hence, we reverse.

It is well settled that the general purpose of an indictment is to reasonably apprise the accused of the specific criminal conduct with which he is charged, as well as of the circumstances surrounding the conduct so as to permit him the opportunity to prepare a defense (see, People v Morris, 61 NY2d 290; People v Iannone, 45 NY2d 589; People v Johnson, 131 AD2d 696, lv denied 70 NY2d 713). To this end, CPL 200.50 (6) requires that an indictment contain "[a] statement in each count that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time". A certain flexibility in alleging the date and time of an offense has been recognized, especially in those situations where the victim is a child who is unable to state with precision the time at which the criminal conduct occurred. Thus, in People v Morris (supra, at 292), the Court of Appeals upheld an indictment charging the defendant therein with the commission of sex offenses against two children, aged five years and six years, respectively, " 'during the month of November 1980' ". While the prosecution's bill of particulars in that case only pared this time frame down to a 24-day period of " 'on or about and between Friday, November 7, 1980 and Saturday, November 30, 1980' " (People v Morris, supra, at 292), the court found the statement of time to be sufficient since the precise date and time were not elements of the charged offenses and the tender ages and limited experience of the complaining witnesses prevented them from identi-

fying the dates and times of the offenses with any greater particularity. Of course, such flexibility is not without its limitations, and dismissal will be required where the time alleged is so expansive as to deprive the accused of reasonable notice (see, e.g., People v Keindl, 68 NY2d 410, rearg denied 69 NY2d 823 [26 counts charging the defendant with the commission of various sex offenses against three children between the ages of 8 and 13 over periods as long as two years are unreasonable on their face and must be dismissed]).

In the case at bar, it is clear that the indictment satisfied the mandate of CPL 200.50 (6), for it set forth the date of the offenses and thereby limited the time of their commission to a maximum span of 24 hours. Indeed, the defendant took no issue with the date provided; rather he contends that the prosecution failed to promptly apprise him of the fact that the offenses occurred during the morning hours of that date. The trial court did not find that this failure was the result of bad faith on the part of the People, nor does the record contain any evidence which would permit such a conclusion. Rather, it appears that the prosecution, while aware of the fact that the criminal conduct occurred at some point in the morning of March 16, 1985, was unable to ascertain the specific time of its commission and, through good-faith inadvertence or lack of diligence, listed only the date and refrained from listing any time range in the disclosure material initially supplied to the defendant. Nevertheless, the application of the relevant facts in People v Morris (supra) to the present facts compels the conclusion that the time period set forth in the indictment was reasonable, as the date of the offenses was specified, the age and intelligence of the complainant rendered the People unable to provide a statement of the precise time of the offenses, the defendant was arrested approximately 2½ weeks after his alleged commission of the offenses, and the indictment issued approximately one month after his arrest. Moreover, the specific time is not an element of the charged offenses (see, e.g., People v Owens, 63 NY2d 824; People v Kepple, 98 AD2d 783), and the disclosure material provided other particularized information to the defendant with regard to the circumstances surrounding the crime.

It is true that the prosecution inadvertently neglected to promptly inform the defendant of the fact that the crimes apparently occurred during the morning hours and that it supplied him with a police document indicating that the offenses were committed at 2:30 P.M. However, the delay in the discovery of this time discrepancy was in part attributable

to the defendant's own service of a notice of alibi some nine months after the indictment was filed, which notice failed to set forth the time period during which the defendant claimed to be at work on March 16, 1985. In any event, the instant record does not support the drastic relief of dismissal of the indictment, as the prosecutor informed defense counsel more than two weeks prior to the commencement of the trial of the fact that the crimes took place during the morning hours and simultaneously turned over to the defense counsel police reports which indicated that the complainant had been sexually abused at the time he awoke on March 16, 1985. This information at the very least placed the defendant on notice that there existed a discrepancy between the time of the offenses as alleged by the prosecution and the complainant and the time as set forth in the police documents *(see, e.g., People v Page,* 89 AD2d 878). Moreover, in moving to dismiss the indictment after a jury had been selected more than two weeks later, the defense counsel was unable to establish any specific or concrete prejudice which the defendant suffered as a result of the disclosure of this information, nor did counsel demonstrate that the defendant could no longer prepare a viable and effective defense to the charges. Under these circumstances, the proper remedy was to provide the defendant with a reasonable adjournment during which to prepare a defense.

In *People v Gagne* (129 AD2d 808, *lv denied* 70 NY2d 704), we found that a motion for dismissal of the indictment was properly denied where the trial evidence demonstrated that the charged offense was committed during the early morning hours of the day following the date alleged in the indictment and the trial court offered the defendant a continuance to alleviate any claimed prejudice.

Similarly, in *People v Robinson* (119 AD2d 598, *lv denied* 68 NY2d 816), the prosecution moved during trial to amend the indictment to reflect that the criminal conduct occurred on June 16, 1986, rather than on June 6, 1986, as originally alleged, even though the defendant had previously apprised the People that he would offer an alibi defense. We concluded that the trial court acted properly in permitting the amendment in view of the facts that the defendant had failed to demonstrate that he would suffer any prejudice as a result of the amendment and that the trial court offered him an adjournment to prepare a defense. In *People v Fullwood* (107 AD2d 975), a case markedly similar to that at bar, the trial court permitted the prosecution to amend the indictment and

bill of particulars to change the date of the criminal conduct from July 5, 1982 to June 22, 1982, notwithstanding the fact that the defendant had already served a notice of alibi. The Appellate Division, Third Department, affirmed, noting, *inter alia,* that the proposed amendment was brought to the defendant's attention one week prior to trial and that the defendant had a reasonable time within which to prepare a defense *(see also, People v Johnson,* 115 AD2d 794; *People v Clayborn,* 44 AD2d 620; *People v Hamm,* 5 AD2d 696, *affd* 5 NY2d 803). The foregoing decisions indicate that where the People err in alleging the date or time of an offense, the appropriate remedy is to provide the accused with a reasonable adjournment to prepare a defense. In this case, given the absence of bad faith on the part of the prosecution, the pretrial notification provided to the defendant regarding the true time of the offenses, and the failure of the defendant to allege any specific prejudice resulting therefrom, we discern no basis for departing from this principle.

The reliance of the defendant and the trial court upon our decision in *People v Covington* (86 AD2d 877) is misplaced, for in that case the prosecution provided an erroneous date for the commission of the charged offense in both the indictment and the bill of particulars, and the People only sought to amend the indictment after the defendant had served a notice of alibi for that date and the trial had commenced. Our dismissal of the indictment in *People v Covington (supra)* was expressly premised upon the fact that no prior notice of the correct date had been provided to the accused and upon the fact that the accused had failed to prepare a defense with respect to the correct date because of the prosecution's error. Conversely, in the present case, the indictment and all other documents prepared by the People set forth the correct date and merely remained silent as to the time, the defendant's notice of alibi failed to specify the time period during which he claimed to be at work, the prosecution notified the defendant of the true time of the offenses well in advance of trial, and the defendant was unable to demonstrate any concrete prejudice which resulted from his receipt of this information at that point in the proceedings.

Hence, under the circumstances presented herein, the trial court's dismissal of the indictment constituted an improvident exercise of discretion. Accordingly, we reinstate the indictment and remit the matter to the Supreme Court, Kings County, for further proceedings. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.