(November 29, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SPENCER, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered May 2, 1986, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to an indeterminate prison term of 4 to 12 years, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of 2 to 6 years, and otherwise affirmed.

The record of the sentencing proceeding in this conviction for a purse snatching suggests that the court, in determining defendant's sentence, was influenced by defendant's decision to pursue his right to a trial by jury. In that regard, we are troubled by the sentencing court's statement to defendant, made directly in response to his plea for leniency, to wit, "you got so many chances to do so much better for yourself." In fact, defendant was in custody after his arrest and during trial. It would appear, therefore, that the court was referring to two plea-bargain offers, of 1 to 3 years and 2 to 6 years, respectively, which defendant had declined. It is axiomatic, however, that a court may not "punish a person because he has done what the law plainly allows him to do" (*Bordenkircher v Hayes*, 434 US 357, 363; *see also, People v Patterson*, 106 AD2d 520, 521). Equally in error is a sentence based on vague and unsubstantiated allegations of improper extrajudicial conduct by a defendant, such as those alluded to by the court at the within sentencing proceeding. *(See, e.g., United States v Pugliese*, 805 F2d 1117, 1124 [2d Cir 1986].)

Upon a review of the entire record, we find an absence of substantial aggravating factors and considerations sufficient to justify defendant's sentence. Indeed, several mitigating factors are present. Specifically, the record reveals that defendant has no prior criminal convictions, and notwithstanding the serious nature of the instant crime, it is undisputed that the com-

plainant suffered no appreciable physical injury or loss of property.

Accordingly, pursuant to this court's authority under CPL 470.15 (2) (c); (6) (b), the judgment is modified to reduce the sentence to 2 to 6 years and otherwise affirmed. Concur— Murphy, J. P., Carro, Milonas and Rosenberger, JJ.