■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICHARD DAVIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged in a multiple-count indictment with the commission of various sex offenses upon his 12-year-old niece on various occasions beginning in September 1987 and ending on April 21, 1988. Upon the conclusion of proof and prior to summations, the People moved to amend the indictment to conform with the complainant's testimony that the first sexual encounter occurred about two weeks after she began living with her aunt and defendant in July 1987. The People's application was timely *(see,* CPL 200.70 [1]; *People v Johnson,* 115 AD2d 794). Defendant failed to demonstrate any prejudice by the amendment *(see, People v Johnson, supra),* and thus the trial court did not err in granting the amendment.

Defendant's contention that the complainant's testimony was incredible as a matter of law, and therefore that the verdict was not supported by legally sufficient evidence and was against the weight of evidence, is without merit. The record fails to demonstrate that her testimony was " 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Stroman,* 83 AD2d 370, 373; *see also, People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024).

Also without merit are defendant's contentions that he was deprived of a fair trial by the trial court's preliminary instruction that defense counsel was required to give an opening statement outlining the evidence he would present or by trial publicity and demonstrations in front of the courthouse during the trial. The court's statement concerning defense counsel's obligation to give an opening statement was in error *(see,* CPL 260.30 [4]), but the error was isolated and harmless. Defense counsel, in his opening, noted that he was not obligated to make an opening statement but had opted to do so, and on several occasions, the court unambiguously instructed the jury that the defendant had no burden to offer evidence or prove anything at the trial. Defendant did not ask the court to inquire whether a juror had been influenced by pretrial or trial publicity and failed to demonstrate that any juror came into contact with any prejudicial material or demonstrators *(see, People v Agron,* 10 NY2d 130, 142, *cert denied* 368 US 922; *People v Santarelli,* 148 AD2d 775).

The court's statement at sentencing concerning the ordeal suffered by the complainant in testifying about the sexual acts committed by defendant does not indicate that defendant was being punished for insisting upon his constitutional right to a

trial *(cf., Bordenkircher v Hayes,* 434 US 357; *People v Spencer,* 144 AD2d 310, *lv denied* 73 NY2d 983; *People v Patterson,* 106 AD2d 520). The sentence imposed was lawful, and, in view of the egregious nature of the crimes, was not harsh or excessive. (Appeal from judgment of Ontario County Court, Reed, J.— sodomy, second degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.