People v McLean (2019 NY Slip Op 02356)





People v McLean


2019 NY Slip Op 02356


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07337
 (Ind. No. 1043/16)

[*1]The People of the State of New York, respondent,
v
Malcolm McLean, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Alan L. Honorof, J.), rendered June 7, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the facts and the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree. The matter arose from an allegation by the defendant's former girlfriend that the defendant had arrived at her apartment in the early morning hours of October 20, 2015, carrying a small, black revolver, and thereafter left her several threatening text messages and voicemail messages. As a result of this complaint by the former girlfriend, the police obtained a search warrant for the defendant's residence, a house owned by his mother, and discovered a loaded revolver in a desk drawer together with mail with the defendant's name on it. The search warrant was executed and the gun was discovered on October 22, 2015.
The defendant was indicted and charged with, inter alia, criminal possession of a weapon in the second degree, in that "on or about the 20th day of October, 2015," the defendant possessed a loaded revolver. According to the voluntary disclosure form (hereinafter the VDF) prepared by the District Attorney's Office on July 1, 2016, the crime occurred on October 20, 2015, at 7:36 a.m., at the former girlfriend's address in Hempstead. The VDF does not refer to the defendant's residence.
On the first day of the trial, just as voir dire was about to get underway, the People moved pursuant to CPL 200.70 to amend the date of the incident on the indictment from "October 20, 2015," to "on or about October 20, 2015, to October 22, 2015." The People contended that this was a minor temporal correction that did not change the theory of the People's case, nor prejudice the defendant. Defense counsel objected, contending that the proposed amendment did, in fact, change the theory of the prosecution and prejudice the defendant. The court granted the People's application, and thereafter, the defendant was convicted of criminal possession of a weapon in the [*2]second degree.
The Supreme Court should have denied the People's oral application to amend the indictment. "At any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits" (CPL 200.70[1]).
Here, the amendment to the indictment changed the theory of the prosecution and prejudiced the defendant. The original indictment accused the defendant of possessing a loaded weapon on October 20, 2015, at the apartment of his former girlfriend. When the defendant was arrested on October 21, 2015, no weapon was recovered from his person. The subsequent search of the defendant's residence on October 22, 2015, resulted in the discovery of a loaded weapon. By seeking, on the eve of trial, to amend the indictment to include the days following the purported incident with the former girlfriend, the People changed the theory of their case from the defendant's actual possession of a weapon, as witnessed and attested to by the former girlfriend, to constructive possession, meaning his exercise of dominion or control over an area of the defendant's residence where a loaded weapon was found (see People v Covington , 86 AD2d 877). Defense counsel, in opposing the amendment, asserted that he had relied upon the indictment and the VDF prepared by the District Attorney's Office, giving the date of the offense as October 20, 2015, in preparing for the case, including defense counsel's efforts to prove, through time cards and testimony, that it was impossible for the defendant to have been at his former girlfriend's apartment at the time of the incident on October 20, 2015. As such, defense counsel presented evidence that the defense had been substantially undermined by the amendment of the indictment and that, effectively, he was forced to forgo an alibi-type defense (see id. ).
Accordingly, under the facts of this case, the amendment was improper, and the judgment must be reversed, the indictment dismissed, and the case remitted to the Supreme Court for the purpose of entering an order in its discretion pursuant to CPL 160.50.
The defendant's remaining contentions need not be reached in light of our determination.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court