■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL LEON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered February 15, 1984, upon a verdict convicting defendant of the crime of attempted escape in the first degree.

The proof at trial established that defendant had been placed in a locked room in the Admissions Building at Camp Summit detention facility while he was confined to said facility, that he broke open the lock to the door of that room, that he left the Admissions Building without permission and was

later found hidden in a dump truck on the facility grounds. There was also testimony that someone had tampered with the ignition wires on the dump truck.

Defendant argues that (1) the evidence introduced at trial was insufficient to sustain the conviction for the crime of attempted escape in the first degree; (2) the trial court improperly allowed the date of the commission of the alleged crime to be amended from October 10, 1983 to October 18, 1983; and (3) the prosecution improperly refused to state in its bill of particulars the condition of the vehicle in which defendant was found.

The points of alleged error are not well taken, and the judgment of conviction should in all respects be affirmed. There was sufficient evidence to sustain the jury verdict. Defendant has failed to show that he sought a proper ruling on the adequacy of the bill of particulars in the trial court. Thus, that issue is not preserved for our review.

Finally, the trial court did not err in permitting the amendment of the indictment as to the date (see, People v Page, 89 AD2d 878, 879; People v Hamm, 5 AD2d 696, 697, affd 5 NY2d 803). The court stated that it found the error to be typographical in nature, that it did not change the theory of the prosecution's case and that no prejudice resulted to defendant. Defendant also failed to demonstrate to the court the way in which he would be prejudiced if an adjournment was not granted and failed to specify the length of the desired adjournment.

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.