■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD H. CLAPPER, JR., Appellant.—Harvey, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 19, 1985, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

Defendant was indicted by the Grand Jury on one count of operating a motor vehicle while under the influence of alcohol. Since defendant had been convicted of operating a motor vehicle while under the influence of alcohol within the preced-

ing 10 years, he was charged with a felony pursuant to Vehicle and Traffic Law § 1192 (5). The indictment stated that the crime charged occurred on "State Route 7 in the Town of Schoharie, County of Schoharie". The People subsequently provided defendant with a bill of particulars which stated that the incident occurred on State Route 30 in the same town and county. Prior to calling any witnesses at trial, the People moved to amend the indictment to change the place of the crime to Route 30. County Court granted the motion over defense counsel's objection and further denied defense counsel's motion for an adjournment.

At trial, the People requested that County Court charge the jury with the elements of both subdivisions 2 and 3 of Vehicle and Traffic Law § 1192. Since the indictment charged defendant with only a violation of subdivision 3 (driving while intoxicated), defense counsel objected to the inclusion of subdivision 2 (driving with a blood alcohol level of at least .10%) in the charge. The court granted the People's request and the jury ultimately found defendant guilty of violating subdivision 2. Defendant was sentenced to six months in jail and five years' probation. This appeal ensued.

Defendant's contention that County Court should not have allowed the People to amend the indictment to change the place of the crime is without merit. CPL 200.70 (1) allows amendment of an indictment any time during or before trial so long as the amendment does not prejudice the defendant on the merits *(People v Ganett,* 51 NY2d 991, 993; *People v Johnson,* 115 AD2d 794, 795). Here, the change of location in the crime was insignificant. It was in the same town and apparently less than four miles from the place originally charged. Significantly, both the evidence before the Grand Jury and the bill of particulars provided to defendant in advance of trial indicated that the crime occurred on Route 30, not Route 7 as charged in the indictment. Defendant was thus aware that the People planned to prove that the crime occurred on Route 30. Accordingly, he was not prejudiced by the amendment.

Nor was it error for County Court to refuse to grant defendant an adjournment following the amendment to the indictment. Defendant failed to demonstrate any credible way in which the amendment affected his defense *(see,* CPL 200.70 [1]; *People v Leon,* 115 AD2d 907, 908).

Defendant further contends that, since his indictment was for a violation of Vehicle and Traffic Law § 1192 (3), County Court should not have instructed the jury that they could

convict him under Vehicle and Traffic Law § 1192 (2). The Legislature has specifically provided that defendant may be convicted of violating subdivisions 1, 2 or 3 even if only charged with violating subdivisions 2 or 3 of Vehicle and Traffic Law § 1192 (Vehicle and Traffic Law § 1196 [1]). The three subdivisions "closely overlap and are but species of the generic offense of '[o]perating a motor vehicle while under the influence of alcohol' " *(People v Farmer,* 36 NY2d 386, 390). Defendant had notice of the possibility of conviction under subdivision 2 since he had consented to the breathalyzer test and was aware of its results *(see, id.,* pp 393-394 [Fuchsberg, J., concurring]). Accordingly, we conclude that the indictment charging defendant with violating subdivision 3 fulfilled its essential function of notifying defendant of the crime for which he was convicted *(see, People v Iannone,* 45 NY2d 589, 598).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur. *[See,* 131 Misc 2d 1079.]