■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO RAMSEY, Appellant.

During the trial a ballistics expert testified that the revolver the defendant conceded he possessed was operable, and that when the expert test fired it twice, it discharged each time. The expert also testified that the revolver had a cylinder which did not lock into perfect alignment with the hammer and barrel but indicated that it could easily be made to align by using the free hand to move the cylinder slightly. The court's initial charge to the jury in regard to criminal possession of a weapon in the third degree was taken verbatim from 3CJI (NY) PL article 265 which includes the statutory definition of firearm (Penal Law § 265.00 [3]), but no instruction on operability. Upon the defense counsel's exception to the absence of an instruction on operability, the court instructed the jury that a gun which cannot be fired does not fit within the statute. The defendant, who was charged with criminal possession of a weapon in the second degree and the third degree, was convicted only of the latter. On this appeal he contends that the charge was defective with respect to the operability of the revolver.

Although the trial court should have included in its initial charge to the jury an instruction to the effect that a firearm within the meaning of Penal Law § 265.00 (3) must be found operable *(see, People v Actie,* 99 AD2d 815; *People v Grillo,* 15 AD2d 502, 503, *affd* 11 NY2d 841), we find, under the circumstances of this case, that the jury could gather from hearing the entire charge the correct rules to apply in arriving at its verdict *(see, People v Canty,* 60 NY2d 830, 832; *People v Russell,* 266 NY 147, 153). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.