■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN POWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 22, 1986, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to commencement of the trial, the People moved to amend the indictment to change the date of the robbery with which the defendant was charged from April 23, 1985 to April 22, 1985. CPL 200.70 permits the court to amend an indictment to correct a defect in the date provided the amendment does not change the theory of the prosecution and does not prejudice the defendant. We agree with the trial court that the defendant was not prejudiced by the amendment, and the motion to amend was properly granted. This case is distinguishable from People v Covington (86 AD2d 877), in that the defendant here had not served an alibi notice, the amendment was sought prior to commencement of the trial and the defendant was offered an adjournment to prepare a defense to the new date before the trial commenced. We find that the lack of an alibi notice and the defendant's refusal of the offer

of an adjournment undercut his contention that he was prejudiced because he had relied on an irrelevant alibi defense *(see, e.g., People v Robinson,* 119 AD2d 598, *lv denied* 68 NY2d 816).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to sustain the defendant's conviction. Moreover, in the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The complainant's testimony established that he had an ample opportunity to view his assailant's face during the incident. The inconsistencies in the complainant's statements and the discrepancies between some aspects of his description of the assailant and the defendant's physical appearance were placed before the jury and were resolved in the People's favor. We find no reason to disturb that determination.

The defendant contends also that the court impermissibly permitted the People to bolster the complainant's testimony. The rule which prohibits the bolstering of a witness's testimony through evidence of prior consistent statements *(see, People v McClean,* 69 NY2d 426; *People v Davis,* 44 NY2d 269) is not applicable to the situation here. Defense counsel sought to introduce only one sentence from the complainant's statement to police officers as an inconsistent statement. However, the court properly ruled that, for the purposes of clarification, the entire statement had to be admitted *(cf., People v Torre,* 42 NY2d 1036; *People v Richardson,* 127 AD2d 617, *lv denied* 69 NY2d 954).

Finally, the defendant's contention that he was deprived of a fair trial by the prosecutor's misconduct is without merit. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.