■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. BOUCHER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his conviction was against the weight of the evidence. From our review of the record, we conclude that the weight of the credible evidence supports the jury verdict and that a different finding would have been unreasonable (see, People v Bleakley, 69 NY2d 490, 495). Defendant further contends that the trial court erred in failing to instruct the jury regarding the voluntariness of his statements. Because the charge was not requested and no exception was taken to the charge as given, this issue has not been preserved for our review (CPL 470.05 [2]) and we decline to exercise our discretion in the interest of justice (CPL 470.15 [6]). (Appeal from judgment of Onondaga County Court, Burke, J.—robbery, second degree, and another charge.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN PALMER, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly allowed the People to amend counts 5 and 6 of the indictment to correct the date on which the alleged crimes took place (see, CPL 200.70 [1]; People v Powell, 137 AD2d 730; People v Robinson, 119 AD2d 598, 599, lv denied 68 NY2d 816; People v Leon, 115 AD2d 907, 908). The amendment did not in any way change the theory of the prosecution's case and defendant failed to demonstrate any credible way in which he would be prejudiced if an adjournment was not granted (People v Clapper, 123 AD2d 484, 485, lv denied 69 NY2d 825; People v Leon, supra, at 908).

We have reviewed the other claims raised by defendant and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal sale of controlled substance, third degree, and another charge.) Present— Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.