■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SANABRIA, Appellant. [607 NYS2d 412] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered November 8, 1991, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, once the complainant's identification testimony was attacked by a defense investigator who testified to only those parts of his conversation with the complainant which he recorded in his notes, the People were properly permitted to cross-examine the witness regarding the remaining parts of the conversation *(see, People v Torre,* 42 NY2d 1036, 1037; *People v Powell,* 137 AD2d 730, 731; *People v Richardson,* 127 AD2d 617, 618). The cross-examination was appropriate to rebut the suggestion that the complainant was unable to observe and identify the defendant, and aided the jury in evaluating the complainant's identification testimony, as well as the investigator's possible bias and interest in selectively recording his conversation with the complainant *(see, People v Huertas,* 75 NY2d 487, 493; *People v Messier,* 191 AD2d 819, 821; *People v Griffin,* 173 AD2d 216; *People v Powell, supra).*

The supplemental charge on attempted robbery in the first degree adequately apprised the jurors that the People were required to prove beyond a reasonable doubt that the knife used by the defendant was a dangerous instrument *(see generally, People v Canty,* 60 NY2d 830; *People v Ramsey,* 124 AD2d 835), and the Supreme Court did not improvidently exercise its discretion in declining to repeat the charge on the People's burden of proof *(see, People v Coonan,* 48 NY2d 772, 774; *People v Brown,* 150 AD2d 472, 473).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Suitte,* 90 AD2d 80).* Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.