■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MEDINA-HERNANDEZ, Appellant. [613 NYS2d 228] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered November 26, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his constitutional and statutory rights to be present during his trial and to participate meaningfully in his defense were violated when the court refused to entertain his request for a one-day adjournment of his trial. We disagree. A defendant has a constitutional and statutory right to be present during the trial of an indictment

(US Const 6th, 14th Amends; NY Const, art I, § 6; CPL 260.20). "The privilege of presence must bear a reasonably substantial relation to a defendant's opportunity to defend and is not constitutionally assured where his presence 'would be useless, or the benefit but a shadow' " *(People v Wilson,* 106 AD2d 146, 148, quoting *Snyder v Massachusetts,* 291 US 97, 106-107). The defendant's right to be present at a particular stage of the trial must bear a substantial relation to the fullness of his opportunity to defend against the charge and to be heard *(People v Wilson, supra).*

On Tuesday, October 30, 1990, when the defendant's case was called for trial, he was not present. He arrived one-half hour later and advised the court that he had fallen down the stairs at the subway station on the way to the court and that he had had some problems getting up. He also stated that he was feeling "a little sick this morning" and that his ribs hurt because some officers had hurt him at the jail. The court gave preliminary instructions and adjourned the trial until after the lunch break. Upon returning from lunch, the defendant said that he had vomited twice during the recess. The court indicated that it would grant an adjournment if the defendant was seriously ill. The defendant consented to proceeding with the trial. The trial continued for the remainder of the day and all day Wednesday, October 31, 1990. On October 31st, at the end of the day, the court adjourned the trial until the following morning at 11:00 A.M.

On Thursday, November 1, 1990, at 11:07 A.M., the defendant was found lying on the hallway floor outside of the courtroom. He was treated at the scene by emergency medical technicians and taken to the emergency room of a nearby hospital. He was released at 11:30 P.M. Meanwhile, the trial was adjourned until 11:30 A.M., Friday, November 2, 1990.

On November 2nd, the defendant arrived in the courtroom at 11:45 A.M. He brought the Judge a form from the hospital which indicated that he had been diagnosed as having fractured ribs and syncope. He was prescribed medication for pain, and he was told to avoid strenuous activity and to return to an outpatient clinic. The defendant's attorney moved for an adjournment until Monday, November 5, 1990, due to the defendant's ill health. The court denied the motion and stated that sitting quietly in the courtroom and talking to a lawyer are not strenuous activities.

We agree with the trial court's determination that the defendant's condition did not preclude him from participating

fully in his defense on Friday, November 2, 1990. There is nothing in the record that indicates the defendant was not fit to stand trial.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.