■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LANE, Appellant. [622 NYS2d 590] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 25, 1990, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) which was based solely on an affidavit of a witness recanting his trial testimony. To succeed under CPL 330.30, a defendant must show, by a fair preponderance of the evidence, that the newly-discovered evidence, had it been produced at trial, would probably have resulted in a different verdict. We find that it is not "probable" that a different result would have been reached had this affidavit been submitted earlier. As the defendant failed to satisfy his burden in establishing that this affidavit constituted newly-discovered evidence warranting a new trial, the trial court did not err in denying the defendant's motion for a new trial *(see,* CPL 330.30 [3]; *People v Gomezgil,* 135 AD2d 561, 562).

The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.