■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN PATTI, Appellant. [628 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 8, 1992, convicting him of manslaughter in the second degree, vehicular manslaughter, assault in the second degree, vehicular assault, reckless endangerment in the second degree, leaving the scene of an incident without reporting, driving a motor vehicle while impaired by the use of drugs, violation of the maximum speed limit, disobeying traffic signals, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal is held in abeyance, and the matter is remitted to the Supreme Court, Kings County, for a reconstruction hearing to determine whether the defendant was present when the attorneys' challenges to prospective jurors were ruled upon and later effectuated by the trial court. The Supreme Court, Kings County, is to file its report with all convenient speed.

Based on this record, we cannot determine whether the defendant was deprived of his right to be present during the impaneling of the jury. The record is unclear as to the circumstances under which challenged prospective jurors were

removed from the jury box and unchallenged prospective jurors were identified after each round of voir dire *(see, People v Antommarchi,* 80 NY2d 247; *People v Mullen,* 44 NY2d 1). In addition, the record does not indicate whether the defendant was present during the side-bar conferences at which the court ruled on the attorneys' challenges *(see, People v Michalek,* 194 AD2d 568, *affd* 82 NY2d 906; *People v Favor,* 82 NY2d 254).

We reach no other issues at this time. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.