■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN PATTI, Appellant. [646 NYS2d 133] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered September 8, 1992, convicting him of manslaughter in the second degree, vehicular manslaughter, assault in the second degree, vehicular assault, reckless endangerment in the second degree, leaving the scene of an incident without reporting, driving a motor vehicle while impaired by the use of drugs, violation of the maximum speed limit, disobeying traffic signals, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 12, 1995 *(see, People v Patti,* 216 AD2d 422), the matter was remitted to the Supreme Court, Kings County, to hold a reconstruction hearing to determine whether the defendant was present when the attorneys' challenges to prospective jurors were ruled upon and later effectuated by the trial court, and the appeal was held in abeyance in the interim. The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

At the reconstruction hearing it was stipulated that the defendant was not present during the conferences at which his counsel and the prosecutor exercised their challenges for cause and their peremptory challenges, but that he was present when those challenges were effectuated and the challenged jurors were excused. A criminal defendant's right to be present at all material stages of his or her trial includes all proceedings where the defendant's "presence has a relation, reasonably substantial, to the fulness of his opportunity to defend" himself *(Snyder v Massachusetts,* 291 US 97, 105). A court may, however, exclude a defendant from a conference during which counsel advises the court of jury selection challenges if such challenges are subsequently effectuated in open court in the presence of the defendant *(see, People v Velasco,* 77 NY2d 469, 473; *People v Santana,* 213 AD2d 568). Accordingly, the defendant's claim that he was denied his right to be present at a material stage of the trial is meritless.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence demonstrated that the defendant's conduct was reckless. The defendant had used cocaine and was fleeing from the police when he sped through a red light, striking two pedestrians, a mother and her three-year-old child who was fatally injured, then crashing into a parked car. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

There is no merit to the defendant's contention that the various asserted imperfections in the charge warrant reversal, inasmuch as the jury could gather from hearing the entire charge the correct rules to apply *(see, People v Canty,* 60 NY2d 830, 832; *see also, People v McDonald,* 125 AD2d 500, 501; *People v Ramsey,* 124 AD2d 835). While there was one instance in which the court may have misspoken, in view of the numerous repetitions of the definitions of recklessness and criminal negligence, any error was harmless when the charge is construed as a whole *(see, People v Yoon Soo Chang,* 189 AD2d 843, 844).

The defendant's challenge to the sufficiency of the court's instructions regarding juror note-taking is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Stewart,* 81 NY2d 877). In any event, the court's cautionary instructions were sufficient *(see, People v Tucker,* 77 NY2d 861; *People v Ward,* 195 AD2d 490; *People v Di Luca,* 85 AD2d 439). Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.