■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUDLEY PERKINS, Appellant. [652 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 28, 1993, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's assertion that he was deprived of a fair trial by the improper cross-examination of his former attorney is largely unpreserved for appellate review (*see,* CPL 470.05 [2]). To the extent that the defendant's claim is preserved, the prosecutor did not act in bad faith by attempting to explore the former attorney's possible bias (*see,* Prince, Richardson on Evidence § 6-415, at 420-422 [Farrell 11th ed]; *see also, People v Sanabria,* 201 AD2d 513).

We further reject the defendant's contention that the court erred in refusing to vacate his judgment of conviction based upon the post-verdict affidavit of third party Steven Richard. It is well established that a defendant is entitled to vacatur of his conviction on the basis of newly discovered evidence only where the nature of the evidence is such that there is a probability, rather than a mere possibility, that the newly discovered evidence would change the result if a new trial were granted (*see, People v Salemi,* 309 NY 208, 215-216; *People v Lane,* 212 AD2d 637; *People v Aulla,* 207 AD2d 497). Here, however, Richard's belated claim that he had brandished a gun in front of the complainant contradicted an earlier statement in which he denied that he had ever displayed the gun. Moreover, Richard's affidavit contradicted the testimony of two defense witnesses, who denied that Richard had been involved in the altercation with the complainant, and maintained that no one had displayed a weapon during the altercation. Under these circumstances, it was not error to deny the defendant's motion to vacate his judgment of conviction without a hearing (*see, People v Turner,* 215 AD2d 703; *People v Robinson,* 211 AD2d 733). Santucci, J. P., Joy, Krausman and Florio, JJ., concur.