■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRASSO, Appellant. [655 NYS2d 160] —Carpinello, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 12, 1994, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree, and (2) by permission, from an order of said court, entered February 29, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On January 28, 1993, defendant attempted to cash a check, made payable to Frank Piscitella, at the drive-through window of Trustco Bank in the City of Troy, Rensselaer County. Since Piscitella was a regular customer known to the bank teller, the teller compared the signature on the back of the check to Piscitella's on-file signature, determined that they did not match and verified on the telephone that Piscitella had not given anyone a check to cash. The teller then contacted the Troy Police Department. Officer Donald Backaus responded to the call by blocking the bank's drive-through lane where defendant's vehicle was parked and approached the vehicle. In response to Backaus' query concerning the origin of the check, defendant said that Piscitella gave it to him the previous evening during a poker game. At Backaus' request, defendant accompanied him into the bank where he was eventually arrested.

During processing at the police station, defendant was handcuffed to a bench in the booking area when Backaus left the room momentarily. When Backaus returned, the original check, which had been placed on a desk, was missing. After a search of the booking room and defendant did not produce the check, Backaus initiated a strip search of defendant. No questions were posed to defendant at this time. Notwithstanding the lack of questioning, during the course of the strip search defendant announced, "You are not going to find the check. I ate [it]." A short time later, defendant volunteered, "I am going to walk out of here. You can't convict me on a photocopy." Convicted after trial of criminal possession of a forged instrument in the second degree and sentenced as a second felony offender to a prison term of $3^1/2$ to 7 years, defendant appeals.

Defendant contends that County Court should have suppressed his statements to Backaus during their initial encounter at the bank as well as the statements he made during his strip search. Because we find that defendant was not in custody during his initial encounter with Backaus and the brief questioning was to ascertain the nature of the situation and not to elicit evidence of a crime, defendant's answer to the investigatory question did not warrant suppression (*see, People v Yukl*, 25 NY2d 585, 588-589, *cert denied* 400 US 851; *People v Morales*, 216 AD2d 154; *People v Finkle*, 192 AD2d 783, 786, *lv denied* 82 NY2d 753). The statements made by defendant while being strip searched were not the product of police interrogation or a studied effort on Backaus' part to elicit information from defendant (*see, People v Lynes*, 49 NY2d 286, 295; *People v Maerling*, 46 NY2d 289, 302-303). Rather, we find that these statements were made spontaneously, without external cause and without being induced or provoked by Backaus (*see, People v Payne*, 233 AD2d 787, 788-789). Accordingly, County Court properly declined to suppress them as well.

We also reject the contention that County Court erred in admitting a photocopy of the check into evidence. Under the best evidence rule, a party may produce a substitute for an original document if the absence or unavailability of the original is satisfactorily explained and the mishap was innocent (*see, e.g., People v Joseph*, 86 NY2d 565, 569-570; *Schozer v William Penn Life Ins. Co.*, 84 NY2d 639, 644). Where, as here, it has been proven that documentary evidence was ingested by a party, we find such foundational showing to have been satisfactorily made. Thus, County Court did not err in admitting a photocopy of the check into evidence.

Also unavailing is defendant's contention that County Court erred in permitting the indictment to be amended at the commencement of the trial to allege that the crime occurred on January 28, 1993 and not January 27, 1993. First, this minor temporal correction in no way changed the theory of the People's case (*see,* CPL 200.70 [1]). Moreover, because defendant was arrested at the bank shortly after the crime occurred on January 28, 1993 and the proof developed at the *Huntley* hearing unequivocally placed defendant on notice that it was being alleged that the crime took place on January 28, 1993, we cannot perceive how this amendment could have prejudiced defendant (*see, e.g., People v Rogers*, 141 AD2d 870, 874-875; *People v Powell*, 137 AD2d 730, 730-731, *lv denied* 72 NY2d 865; *People v Leon*, 115 AD2d 907, 908; *People v Page*, 89 AD2d 878, 878-879). Finally, any prejudice that may have occurred

was dissipated when County Court offered to grant defense counsel an adjournment in light of the amendment, which was expressly declined (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.70, at 518).

There being no evidence that defendant was not physically fit to stand trial, we reject defendant's argument that he is entitled to a reversal of his conviction on this ground (*see, e.g., People v Medina-Hernandez*, 205 AD2d 643, 644, *lv denied* 84 NY2d 870). Furthermore, County Court properly denied defendant's CPL 440.10 motion without a hearing since the ground raised in the moving papers—that defendant was mentally unfit to stand trial—was not supported by sufficient factual allegations and was contradicted by the record of the proceedings (*see*, CPL 440.30 [4] [b], [d]; *People v Harris*, 109 AD2d 351, 354, *lv denied* 66 NY2d 919). Our review of the trial transcript discloses no instances wherein County Court should have been alerted to the possibility that defendant was incompetent to stand trial and unable to understand the proceedings or assist in his defense (*cf., People v Arnold*, 113 AD2d 101, 106). It warrants mention that defendant was granted a one-day adjournment at the commencement of the trial because of physical illness and was thereafter sufficiently competent to testify on his own behalf. Moreover, trial counsel apparently perceived no need for a competency hearing (*see, People v Harris, supra*). Under these circumstances, County Court did not err in denying defendant's CPL 440.10 motion without a hearing.

We have reviewed defendant's remaining arguments, including those contained in his *pro se* appellate brief, and find them to be without merit.

Crew III, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.