■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. TAYLOR, Appellant. [731 NYS2d 410] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction entered upon his plea of guilty, defendant contends that County Court failed to conduct a sufficient inquiry into the validity of his postplea arrest before imposing an enhanced sentence for violation of a no-arrest condition of the plea bargain. We disagree. Although a court may not impose an enhanced sentence unless "the court can be satisfied * * * of the existence of a legitimate basis for the arrest" (*People v Outley,* 80 NY2d 702, 713; *see, People v McClemore,* 276 AD2d 32, 36), here the existence of a legitimate basis was established by the admission of defendant that he violated an order of protection (*see, People v Outley, supra,* at 713). Furthermore, we reject the contention of defendant that the court erred in denying his request to withdraw his plea (*see, People v Santiago,* 269 AD2d 770). (Appeal from Judgment of Onondaga County Court, Merrill, J.—Criminal Mischief, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.