THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMAD A. KHAN, Appellant. [737 NYS2d 738] —Appeal from a judgment of Seneca County Court (Bender, J.), entered November 14, 2000, convicting defendant upon his plea of guilty of, inter alia, aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while ability impaired (DWAI) (Vehicle and Traffic Law § 1192 [1]) and aggravated unlicensed operation of a motor vehicle (AUO) in the first degree (Vehicle and Traffic Law § 511 [3]). We agree with defendant that his purported waiver of the right to appeal is ineffective. "Although defendant signed a waiver of the right to appeal, the plea colloquy does not contain any reference to defendant's waiving that right, and thus we cannot conclude that the waiver was knowing and voluntary" (*People v McGee*,

241 AD2d 972, *lv denied* 90 NY2d 941; *see, People v DeSimone,* 80 NY2d 273, 283).

We reject the contention of defendant that his conviction of both DWAI and AUO in the first degree violates the constitutional prohibition against double jeopardy. Although in this case commission of DWAI is an element of AUO in the first degree and therefore does not "require[ ] proof of an additional fact which [AUO in the first degree] does not" (*Blockburger v United States,* 284 US 299, 304; *see, People v Wood,* 95 NY2d 509, 513), here both charges are contained within a single indictment and were disposed of by a single plea, and Penal Law § 70.25 (2) requires that the sentences upon conviction of both counts be concurrent. Double jeopardy therefore is not implicated (*see, People v Mabry,* 151 AD2d 507, 508, *lv denied* 74 NY2d 813). Further, defendant's contention that Vehicle and Traffic Law § 1192 (1) is unconstitutional is without merit (*see, People v Cruz,* 48 NY2d 419, 423-427, *appeal dismissed* 446 US 901).

By pleading guilty, defendant forfeited his present contentions that the underlying local criminal court accusatory instrument and indictment contain technical defects (*see, People v Cox,* 275 AD2d 924, 925, *lv denied* 95 NY2d 962; *People v Gerber,* 182 AD2d 252, 260-261, *lv denied* 80 NY2d 1026), that the CPL 710.30 notice was defective (*see, People v Taylor,* 65 NY2d 1, 3), and that he was denied effective assistance of counsel by the failure of defense counsel to seek suppression of his statements to the arresting officer (*see, People v Bender,* 270 AD2d 924, *lv denied* 95 NY2d 832). The further contention of defendant that the prosecutor failed to file the special information required by CPL 200.60 (2) in a timely manner was waived by his guilty plea (*see, People v Mooney,* 245 AD2d 1137, *lv denied* 91 NY2d 928). Further, by failing to move to suppress his statements to the arresting officer, defendant waived his right to judicial determination of his present contention that such statements are the product of an unlawful arrest (*see,* CPL 710.70 [3]). Finally, the sentence is not unduly harsh or severe. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.