■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD REMP, Appellant. [740 NYS2d 901] —Appeal from a judgment of Herkimer County Court (Kirk, J.), entered July 19, 2000, convicting defendant upon his plea of guilty of attempted assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court did not abuse its discretion in imposing an enhanced sentence without affording defendant an opportunity to withdraw his plea. As part of the plea agreement, defendant unequivocally agreed to a no-arrest condition. Defendant was arrested while awaiting sentencing, and has not challenged the validity of that arrest (*cf. People v Janick,* 288 AD2d 885). Thus, the court did not err in enhancing the agreed-upon sentence, a five-year term of probation, to an indeterminate term of incarceration of 1 to 3 years (*see People v Murphy,* 224 AD2d 1023, *lv denied* 87 NY2d 1022; *see also People v Taylor,* 286 AD2d 916, *lv denied* 97 NY2d 688). The enhanced sentence is neither unduly harsh nor severe. The contention of defendant that he was denied effective assistance of counsel does not survive his guilty plea where, as here, "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke,* 256 AD2d 1244, 1244, *lv denied* 93 NY2d 851).

The contentions of defendant in his pro se supplemental brief that the judge was biased against defendant and should have recused himself are not preserved for our review on this appeal from the judgment of conviction (*see* CPL 470.05 [2]; *People v Mileto,* 290 AD2d 877; *People v Darling,* 276 AD2d 922, 924, *lv denied* 96 NY2d 733) and, in any event, are lacking in merit. "There was no statutory basis to prevent the Judge from hearing the case (*see,* Judiciary Law § 14), and thus the matter was addressed to the discretion and personal conscience of the

Judge" (*People v Nenni,* 269 AD2d 785, 786, *lv denied* 95 NY2d 801; *see People v Moreno,* 70 NY2d 403, 405-406). Present— Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.