■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER L. SHUMWAY, Appellant. [743 NYS2d 763] —Appeal from a judgment of Ontario County Court (Doran, J.), entered May 10, 2000, convicting defendant upon his plea of guilty of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the first degree (Penal Law former

§ 130.75 [a]) and sentencing him to a determinate term of imprisonment of 10 years with a five-year period of postrelease supervision. By pleading guilty, defendant forfeited his contentions that the indictment is duplicitous and lacks factual specificity (*see People v Gerber,* 182 AD2d 252, 266, *lv denied* 80 NY2d 1026; *see also People v Lynch,* 267 AD2d 405, 405-406, *lv denied* 94 NY2d 922). He also forfeited his contention that the People failed to comply with CPL 710.30 by failing to provide adequate notice of their intention to use defendant's statements at trial (*see People v Taylor,* 65 NY2d 1, 3, 6-7; *People v Rodriguez,* 270 AD2d 956, 957, *lv denied* 95 NY2d 870; *see also People v Khan,* 291 AD2d 898).

County Court properly denied the motion of defendant to suppress his statements. Contrary to the contention of defendant, the record establishes that he knowingly, voluntarily, and intelligently waived his *Miranda* rights (*see People v Engert,* 263 AD2d 959, *lv denied* 93 NY2d 1017; *see generally People v Williams,* 62 NY2d 285, 288-289). By failing to move to withdraw the plea of guilty or vacate the judgment of conviction, defendant failed to preserve for our review his contentions that the plea was not voluntarily, knowingly, and intelligently entered (*see People v Lopez,* 71 NY2d 662, 665; *People v Burke,* 288 AD2d 875, 875-876, *lv denied* 97 NY2d 702; *People v Wright,* 288 AD2d 899, 899, *lv denied* 97 NY2d 689; *People v Robertson,* 286 AD2d 863). In any event, those contentions lack merit (*see Robertson,* 286 AD2d 863; *People v Bradley,* 266 AD2d 466, 466-467, *lv denied* 94 NY2d 901). In addition, by failing to move to withdraw the plea of guilty or vacate the judgment of conviction, defendant failed to preserve for our review his contention that the guilty plea and sentence must be vacated and the indictment dismissed because the court failed to advise him at the time of his guilty plea that he would be subject to a period of postrelease supervision (*see* CPL 470.05 [2]). Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.