■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER LEWIS, Appellant. [748 NYS2d 74] —Appeal from a judgment of Onondaga County Court (Aloi, J.), entered July 23, 2001, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). Defendant contends that he was denied effective assistance of counsel because he never received notice of his right to testify before the grand jury and defense counsel failed to move to dismiss the indictment on that ground. That contention does not survive defendant's plea of guilty because "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244, *lv denied* 93 NY2d 851; *see People v Remp*, 294 AD2d 823; *see also People v Khan*, 291 AD2d 898, 899). Defendant further contends that his plea of guilty was not knowingly or intelligently entered because County Court failed to advise him of certain rights during the plea colloquy. By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve

that contention for our review (*see People v Davenport,* 273 AD2d 926, 926; *see generally People v Lopez,* 71 NY2d 662, 665). In any event, the record establishes that defendant's plea was knowingly and intelligently entered (*see People v Harris,* 61 NY2d 9, 16-19; *Davenport,* 273 AD2d at 926). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Hayes, Wisner, Burns and Lawton, JJ.