■ The People of the State of New York, Respondent, v Ricky Butler, Appellant. [752 NYS2d 577] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered June 15, 2001, convicting defendant after a jury trial of attempted grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted grand larceny in the third degree (Penal Law §§ 110.00, 155.35). We reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Also contrary to defendant's contention, County Court properly permitted the People to amend the indictment to reflect the correct time period in which the crime allegedly occurred (*see* CPL 200.70 [1]; *People v Hale* [appeal No. 1], 236 AD2d 807, *lv denied* 89 NY2d 1036; *People v Palmer,* 152 AD2d 924, *lv denied* 74 NY2d 850). Because proof of defendant's guilt did not rest entirely on circumstantial evidence, the court properly denied defendant's request for a moral certainty charge (*see People v Roldan,* 88 NY2d 826, 827; *People v Concepcion,* 262 AD2d 1058, 1058-1059, *lv denied* 94 NY2d 821).

The court also properly denied defendant's request for a missing witness charge with respect to an unidentified store clerk who "had no relationship to the prosecution that would warrant a finding of 'control'" (*People v Vargar,* 293 AD2d 359, 359, *lv denied* 98 NY2d 682). Defendant failed to preserve for our review his contentions that the court erred in failing to replace a juror who was asleep during the trial (*see People v Rosario,* 298 AD2d 122; *People v Freeney,* 291 AD2d 913, 914, *lv denied* 98 NY2d 637), that the prosecutor made improper comments during summation (*see People v Comer,* 73 NY2d 955, 957), and that the judge was biased against him (*see People v Remp,* 294 AD2d 823). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Because the judgment of conviction is based upon legally sufficient trial evidence, appellate review of the sufficiency of the evidence presented to the grand jury is barred (*see People v Bastian,* 294 AD2d 882, 883, *lv denied* 98 NY2d 694).

Further, the alleged insufficiency of the evidence presented to the grand jury, even if established, "did not render the People's statement of readiness illusory" (*People v Gutter,* 222 AD2d 330, 331). Thus, the court properly denied defendant's motion to dismiss the indictment pursuant to CPL 30.30. The court also properly refused to admit in evidence a hearsay statement allegedly made to defense counsel's law partner (*see People v Jones* [appeal No. 1], 256 AD2d 1172, *lv denied* 93 NY2d 972). Finally, we agree with defendant that the court abused its discretion in permitting the prosecutor to question defendant with respect to all of his prior convictions, including the facts and circumstances underlying those convictions (*see People v Coe,* 95 AD2d 685, *lv denied* 60 NY2d 705). We conclude, however, that the error is harmless (*see People v Jacobs,* 298 AD2d 954). Present—Green, J.P., Pine, Hurlbutt, Burns and Gorski, JJ.