THIRD DEPARTMENT, JUNE, 2005

(June 2, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC MAYO, Appellant. [795 NYS2d 799]—

Mercure, J.P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered July 9, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, criminal mischief in the fourth degree and petit larceny.

Defendant, a fourth-year student at the Cornell Veterinary School in the City of Ithaca, Tompkins County, was convicted of criminal possession of a controlled substance in the fourth and seventh degrees, criminal mischief in the fourth degree and petit larceny as a result of breaking into a storage locker at the school's Large Animal Clinic and stealing a quantity of controlled substances. On this appeal, he contends that County Court erred in failing to suppress the whole of his videotaped confession, and that County Court improperly permitted amendment of the indictment.

On October 20, 1998, defendant appeared at the Cornell University police station to "turn himself in" for the burglary

that had been committed at the veterinary school on October 4, 1998. Investigator Michael Musci accompanied defendant to an interview room, where he questioned defendant about the incident. Defendant's confession was video recorded, except for a gap of approximately 17 seconds near the beginning of the interview. Defendant asserts that during those few moments, he invoked his right to counsel, and the videotape was intentionally altered to eliminate his request for counsel. Following a *Huntley* hearing, County Court concluded that the police did not intentionally edit the videotape to exclude defendant's request for counsel, but that the gap had been caused inadvertently. County Court further concluded that defendant did not request counsel during the 17-second gap. As defendant recognizes, whether he invoked his right to counsel during those 17 seconds required a credibility determination by County Court. Upon review of the evidence presented at the *Huntley* hearing and the videotape itself, we conclude that the court's determinations were supported by the record, and thus, they will not be disturbed (*see People v Hughes*, 280 AD2d 694, 695 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Ingraham*, 172 AD2d 870 [1991]; *People v McCormick*, 162 AD2d 878, 879 [1990], *lv denied* 77 NY2d 841 [1991]).

Approximately one week prior to the commencement of defendant's trial, the People moved to amend the indictment to state that the time period of the possession crimes charged in the indictment would be enlarged from "On or about October 4, 1998" to "During the period of October 4, 1998 to October 20, 1998." Following submissions and argument by the People and defendant, County Court granted the motion to amend the indictment. Defendant contends that it was error to do so because the amendment changed the theory of the prosecution from one of theft on October 4, 1998 to possession on October 20, 1998, and that this change in theory further effected a misjoinder of offenses (*see* CPL 200.70 [2] [a]). We conclude that these claims are without merit.

The amendment did not, as defendant contends, alter the theory of prosecution from theft to possession; rather, the amendment merely enlarged the period of time of possession to reflect defendant's continuing possession of the stolen drugs from the date of the theft until the date that he turned the contraband over to the Cornell University police (*see People v O'Connor*, 240 AD2d 764, 765 [1997]; *compare People v Green*, 250 AD2d 143, 145 [1998], *lv denied* 93 NY2d 873 [1999]). Nor did the amendment effect a misjoinder of different offenses. The nature of the possessory counts remained the same, and the acts relat-

ing to the theft continued to be specifically addressed in the unamended counts of the indictment charging defendant with criminal mischief in the fourth degree and petit larceny. While defendant's failure to include the grand jury minutes in the record on appeal precludes us from considering whether the proposed amendments varied from the proof presented to the grand jury (*see* CPL 200.70 [1]; *cf. People v Fullwood*, 107 AD2d 975, 976 [1985]), we note that the proposed amendments were factually consistent with defendant's videotaped confession (prior to indictment) and the People's disclosure (less than one week after the date of the indictment). For these same reasons, along with the facts that defendant had sufficient time to prepare for trial upon the amended indictment and did not request the adjournment of trial to which CPL 200.70 (1) entitles him, we perceive no prejudice requiring reversal of his conviction (*see People v Grimes*, 301 AD2d 953, 955 [2003], *lv denied* 99 NY2d 654 [2003]; *People v Fullwood, supra*).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.