■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ALEXANDER, Appellant. [829 NYS2d 275]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 13, 2003, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

A grand jury handed up an indictment charging defendant with criminal sale of a controlled substance in the third degree based on a sale occurring at 9:15 P.M. County Court granted the People's motion, made at the beginning of the trial, to amend the indictment to reflect that the sale occurred at 9:15 A.M. The jury convicted defendant, resulting in this appeal.

Initially, County Court did not err in granting the People's motion to amend the indictment. Courts are permitted to order amendment of an indictment to correct a defect, error or variance from the proof with respect to time, among other things, where the amendment does not change the prosecution's theory as reflected in the evidence before the grand jury or otherwise prejudice the defendant (see CPL 200.70 [1]). We are precluded from considering whether the amendment here varied from the evidence before the grand jury because defendant did not include the grand jury minutes in the record on appeal (see People v Mayo, 19 AD3d 710, 712 [2005]). In any event, the change in time did not alter the prosecution's theory of the case (see People v Hankins, 265 AD2d 572 [1999], lv denied 94 NY2d 880 [2000]; People v Leon, 115 AD2d 907, 908 [1985]). Nor was defendant prejudiced, as counsel acknowledged that documents disclosed prior to trial indicated that the sale occurred at 9:15 A.M. (see People v Mayo, supra at 712; People v Grasso, 237 AD2d 741, 742 [1997], lv denied 89 NY2d 1035 [1997]), defendant was not offering an alibi defense which would hinge on the time of the sale (see People v Davis, 21 AD3d 590, 592 [2005]), an overnight adjournment was granted and defendant declined any further adjournment (see People v Grasso, supra at 742-743; People v Smith, 153 AD2d 995, 995 [1989], lv denied 75 NY2d 818 [1990]).

Defendant's conviction was supported by the weight of the evidence. As a different result would not have been unreasonable,

this Court has independently reviewed the evidence in a neutral light and weighed the testimony and inferences drawn therefrom (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]). Three police investigators observed their confidential informant engage in a hand-to-hand transaction with defendant in a known drug area. The jury heard testimony from all three investigators and the informant, plus the audiotape of the conversation captured by a hidden microphone worn by the informant. Defendant stipulated that the substance brought to the police by the informant after this transaction was heroin. This evidence establishes beyond a reasonable doubt that defendant was guilty of the charged crime.

County Court did not err in allowing two police investigators to testify that they had met defendant in the past. Each testified that they had known defendant for a number of years and indicated that they met him in their capacity as police officers. This information was relevant and necessary to counter the defense of mistaken identity (*compare People v Walker*, 217 AD2d 856, 858 [1995]). Any prejudice to defendant was mitigated by the court's instructions to the jury, both at the time each investigator testified and again in the final charge, that the jury should not infer that the police officers' acquaintance with defendant implied any relation to criminal activity and that this testimony was only offered as background information to establish how the officers could identify defendant (*see People v Chestnut*, 254 AD2d 525, 526 [1998], *lv denied* 93 NY2d 871 [1999]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.