The People of the State of New York, Respondent,
against
Gregory Martin, Appellant.



Appeal from two judgments of the Criminal Court of the City of New York, Queens County (Elisa S. Koenderman, J.), rendered February 19, 2013. Each judgment convicted defendant, after a nonjury trial, of attempted criminal contempt in the second degree.




ORDERED that the judgment convicting defendant of attempted criminal contempt in the second degree based on conduct that occurred between July 19, 2011 and July 22, 2011 is affirmed; and it is further,
ORDERED that the judgment convicting defendant of attempted criminal contempt in the second degree based on conduct that occurred on or about September 23, 2011 is reversed, on the facts, and the accusatory instrument charging that offense is dismissed.
Defendant was charged in an accusatory instrument with criminal contempt in the second degree (Penal Law § 215.50 [3]) and three counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [b]; [2]), based on an allegation that, between July 19, 2011 at 12:36 a.m. and July 22, 2011, defendant called the complainant several times on the telephone and threatened her, in violation of an order of protection which was in effect at the time. Defendant was charged in a separate accusatory instrument with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]), based on an allegation that, on or about October 7, 2011, defendant had sent a message to the complainant via her co-worker, in violation of an order of protection which was in effect at the time. On May 18, 2012, all of the charges, except for harassment in the second degree, were reduced to attempts. 
On June 26, 2012, immediately prior to trial, the two dockets were consolidated, on consent, and the Criminal Court ordered the People to file a prosecutor's information of the consolidated docket that same day. Two separate prosecutor's informations, each dated June 26, 2012, were filed by the District Attorney. The first prosecutor's information charged defendant with attempted criminal contempt in the second degree (Penal Law §§ 110.00; 215.50 [3]) and three counts of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a], [b]; [2]), based on the conduct that had occurred between July 19, 2011 and July 22, 2011. The second prosecutor's information charged defendant with attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]); however, the prosecutor informed the court that the date of the offending conduct in the second accusatory instrument had been changed from October 7, 2011 [*2]to September 23, 2011, based upon information provided in a notarized letter from the complainant's co-worker, which had been served on defendant as part of the Rosario packet. The prosecutor explained that it had been determined, upon reading the letter and conducting a further investigation, that "there was a delay in [the co-worker's] telling of the event to the complaining witness and that delay ended up resulting in the complaining witness finding out about the purported violation on October 7th." Defense counsel did not object to the proposed amendment or request an adjournment, and the court granted the People's application to amend the date of the offending conduct in the second accusatory instrument. 
Following a nonjury trial in which the complainant and her co-worker were the only witnesses, the court found defendant guilty of the two separate charges of attempted criminal contempt in the second degree and not guilty of harassment in the second degree and the three counts of attempted aggravated harassment in the second degree. On appeal, defendant contends that the court should not have allowed the People to amend the date of the offense on the second prosecutor's information. Defendant also contends that the proof of guilt was legally insufficient and that the verdict was against the weight of the evidence.
CPL 100.45 (2) states that the provisions of CPL 200.70, governing amendment of indictments, apply to prosecutor's informations. CPL 200.70 permits the court to amend an indictment to correct a defect in the date, provided that the amendment does not change the theory of the prosecution and does not prejudice the defendant. Here, the amendment did not in any way change the theory of the prosecution's case, and defendant, who did not object to the amendment or request an adjournment of the trial by reason of such amendment, failed to demonstrate any credible way in which he was prejudiced. Thus, the Criminal Court properly granted the People's application to amend the date in the second prosecutor's information (see CPL 100.45 [2]; 200.70 [1]; People v Powell, 137 AD2d 730 [1988]; People v Robinson, 119 AD2d 598 [1986]).
The essential elements of the crime of attempted criminal contempt in the second degree, as charged herein, are that a lawful order of the court was in effect, that the defendant had knowledge of the order of protection, and that the defendant attempted to intentionally disobey it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). At trial, a copy of the order of protection, dated June 19, 2011, that had been issued on the complaining witness's behalf to protect her against defendant, was entered into evidence. The order of protection was in effect until June 28, 2016 and, therefore, it covered the dates of the offending conduct. The order of protection also stated that defendant had been advised in court of its issuance, and the contents thereof, and contained defendant's signature. It also specified that defendant was to refrain from all communication with the complaining witness, including contact by telephone or voicemail, and to stay away from her home. The complaining witness testified that, on July 19, 2011, at around midnight, she received a telephone call from defendant and, although she did not answer again afterward, she believed that she received six or seven more calls from defendant on her cell phone that night. Additionally, on July 22, 2011, she received a telephone call from defendant, during which he insinuated that he was outside of her home. Accordingly, viewing the facts in a light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence with respect to the first charge of attempted criminal contempt in the second degree, based on the conduct that had occurred between July 19 and July 22, 2011, was legally sufficient, since there was a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that the elements of the charge had been proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, upon a review of the record, we find that the guilty verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Edo, 132 AD3d 1011 [2015]).
We similarly find that the evidence with respect to the second charge of attempted criminal contempt in the second degree, based on the conduct that had occurred on or about September 23, 2011, was legally sufficient. Upon a defendant's request, this court must conduct a weight of the evidence review (see Danielson, 9 NY3d at 348; People v Bleakley, 69 NY2d [*3]490, 495 [1987]; People v Joyner, 126 AD3d 1002 [2015]). If a finding in favor of the defendant "would not have been unreasonable" (People v Curry, 112 AD3d 843, 844 [2013]), this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Once this court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted (see Joyner, 126 AD3d at 1005; Curry, 112 AD3d at 844). "If it appears that the trier of fact has failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict" (People v Mateo, 2 NY3d 383, 410 [2004] [internal quotation marks omitted]) and dismiss the accusatory instrument (see CPL 470.20 [5]). Application of these principles here warrants the conclusion that the guilty verdict was against the weight of the evidence, particularly since the testimony of the complaining witness's co-worker contained many discrepancies and was inconsistent with the complaining witness's testimony (see People v Wallace, 306 AD2d 802 [2003]; People v Garafolo, 44 AD2d 86, 88 [1974]).
Accordingly, the judgment convicting defendant of attempted criminal contempt in the second degree based on conduct that occurred between July 19, 2011 and July 22, 2011 is affirmed, and the judgment convicting defendant of attempted criminal contempt in the second degree based on conduct that occurred on or about September 23, 2011 is reversed and the accusatory instrument charging that offense is dismissed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: July 26, 2016